# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Civ. No. 08-CV-2985

---

JOVANI FASHIONS, LTD.

Plaintiff,

v.

CARANA, INC. d/b/a CARMEN CHIRINO BOUTIQUE,
ANA RIVERA and MARY CHIRINO,

Defendants.

---

**PETITION OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. §1446**

---

**TO THE HONORABLE COURT:**

**COME NOW,** CARANA, INC. d/b/a CARMEN CHIRINO BOUTIQUE, ANA RIVERA and MARY CHIRINO, defendants in the above-captioned matter, through their undersigned attorneys, and respectfully **STATE, ALLEGE** and **PRAY**:

1) Carana, Inc. is a corporation organized under the laws of the Commonwealth of Puerto Rico with its principal place of business in San Juan, Puerto Rico. Ana Rivera and Mary Chirino are both individual persons who are a citizens and domiciliaries of the Commonwealth of Puerto Rico. Jovani Fashions, Ltd. ("Jovani") is a corporation organized

under the laws of the State of New York. These are the only parties to this lawsuit.

2) On March 5, 2008, a process server delivered two summonses, each with a copy of the complaint upon defendants Carana, Inc. and Ana Rivera. Defendant Mary Chirino is yet to be served with process. The Complaint filed by Jovani, against defendants, alleges collections of moneys owed, tortious interference with contract, tortious interference with prospective contract and "prima facie" tort, demanding one million dollars in damages for each of the four causes of action. See Complaint, <u>Jovani Fashions, Ltd. v. Carana, Inc. d/b/a Carmen Chirino boutique, Ana Rivera and Mary Chirino</u>, Index No. 102850/08, pending in the Supreme Court of the State of New York, County of New York. A copy of the Summons and Complaint are annexed hereto.

3) This is a matter over which this Honorable Court would have original jurisdiction pursuant to 28 U.S.C. §1332. The case involves a matter in controversy which exceeds $75,000, and is between parties that are citizens of different States, as further defined by the statute.

4) The lawsuit was filed against defendants in the Supreme Court of the State of New York, County of New York,

which is the same jurisdiction covered by this Honorable Court.

5) Consequently, removal is authorized pursuant to 28 U.S.C. §1441, which provides that—

> [A]ny civil action brought in a State court of which the district court if the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. §1441(a) (West Supp. 1999 Edition).

6) Defendants and the undersigned attorneys further certify to this Honorable Court that they are complying with procedural requirements of 28 U.S.C. §1446 AND Local Rule 81.1 for the removal of this claim.

**WHEREFORE**, it is respectfully requested that this Honorable Court take notice that the above-captioned lawsuit, initially filed in state court, is being removed by the named defendants, without waiving any defense to the claim.

**RESPECTFULLY SUBMITTED**, in the city of San Juan, Puerto Rico; on this 20th day of March, 2008.

S/Kenneth C. Suria
Kenneth C. Suria
Bar Code No. KCS9944

WILLIAM ESTRELLA LAW OFFICES, PSC
P. O. Box 9023596
San Juan, Puerto Rico 00902-3596
Tel.:  787-977-5050
Fax:  787-977-5090
Email: agestrella@welo.net

W:\WDOX\CLIENTS\CARANA\86020001\KCS5844.DOC

## CERTIFICATE OF SERVICE

I hereby **CERTIFY** that on March 20, 2008, I have caused a copy of this document to be mailed to plaintiff's counsel, Daniel F. Spitalnik, Esq., 6 Grace Avenue, Suite 202, Great Neck, NY 11021.

I further **CERTIFY** that on this same date I have caused to be filed a copy of the foregoing notice with the Clerk of the Court, Supreme Court of the State of New York, County of New York, as prescribed by 28 U.S.C. §1446(d).

In San Juan, Puerto Rico; this 20th day of March, 2008.

S/Kenneth C. Suria
Kenneth C. Suria
Bar Code No. KCS9944
WILLIAM ESTRELLA LAW OFFICES, PSC
P. O. Box 9023596
San Juan, Puerto Rico 00902-3596
Tel.: 787-977-5050
Fax: 787-977-5090
Email: agestrella@welo.net

JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS** JOVANI FASHIONS, LTD.

**DEFENDANTS** CARANA, INC. d/b/a CARMEN CHIRINO BOUTIQUE, ANA RIVERA and MARY CHIRINO

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Daniel F. Spitalnik, 6 Grace Avenue, Suite 202, Great Neck, New York 11021; (516)439-4001

**ATTORNEYS (IF KNOWN)**
Kenneth C. Suria, Esq., P.O. Box 9023596, San Juan, PR 00902-3596; (787)977-5050

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Tort, collections of moeny, tortious interference with contract and tortious interference with prospective contract.

Has this or a similar case been previously filed in SDNY at any time? No [X]   Yes? [ ]   Judge Previously Assigned

If yes, was this case  Vol.[ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]   If yes, give date _____ & Case No. 08-CV-2985

**(PLACE AN [x] IN ONE BOX ONLY)**   NATURE OF SUIT

ACTIONS UNDER STATUTES

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [x] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**TORTS**

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $ 1,000,000   OTHER _____   JUDGE _____   DOCKET NUMBER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES  [X] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)    **ORIGIN**

- [ ] 1 Original Proceeding
- [x] 2a. Removed from State Court
- [ ] 2b. Removed from State Court AND at least one party is a pro se litigant
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)    **BASIS OF JURISDICTION**    **IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)**

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [x] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [x]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [x]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

1370 Broadway, 4th Floor, New York, NY.

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

Carana, Inc. - 136 Winston Churchill Avenue, San Juan, Puerto Rico 00926
Ana Rivera - Sierra Alta, 4th Street #P-10, San Juan, Puerto Rico 00926
Mary Chirino - Sierra del Rio, Gaviota #8, San Juan, Puerto Rico 00926

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [x] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE: March 20, 2008
RECEIPT # 22942
SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. Sept. Yr. 1985)
Attorney Bar Code # KC9944

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 458 (Rev. 10/95) Appearance

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**APPEARANCE**

Case Number: Civ. No. 08-CV-2985

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for

CARANA, INC., d/b/a CARMEN CHIRINO BOUTIQUE
ANA RIVERA
MARY RIVERA

I certify that I am admitted to practice in this court.

| | |
|---|---|
| 3/20/2008 | _[signature]_ |
| Date | Signature |
| | KENNETH C. SURIA — KC9944 |
| | Print Name — Bar Number |
| | P.O. BOX 9023596 |
| | Address |
| | SAN JUAN, PR 00902-3596 |
| | City — State — Zip Code |
| | (787) 977-5050 — (787) 977-5090 |
| | Phone Number — Fax Number |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
JOVANI FASHIONS, LTD.,

      Plaintiff,

  -against-

CARANA, INC. d/b/a
CARMEN CHIRINO BOUTIQUE,
ANA RIVERA AND MARY CHIRINO

      Defendants.
------------------------------------------------------------X

Index No.: 102850/09

**COMPLAINT**

  Plaintiff, by its attorney DANIEL F. SPITALNIC, ESQ. as for its complaint alleges as follows:

  1) JOVANI FASHIONS, LTD. ("Jovani"), is a New York Business Corporation with its principal place of business located at 1370 Broadway, 4th Floor, New York, New York 10018. Jovani is engaged in the design and sale of formalwear dresses.

  2) Upon information and belief, Defendant CARANA, INC. d/b/a CARMEN CHIRINO BOUTIQUE hereinafter ("Carana" or "Defendant") was and still is Puerto Rican Corporation who maintains its corporate headquarters at 136 Winston Churchill, San Juan, PR 00926.

  3) Upon information and belief, Ana Rivera, was and still is a natural person, who resides in Puerto Rico.

  4) Upon information and belief, Mary Chirino, was and still is a natural person, who resides in Puerto Rico.

5) ANA RIVERA AND MARY CHIRINO, as individuals and as owners and board members of CARANA, INC. d/b/a CARMEN CHIRINO BOUTIQUE would regularly come to the New York office of Plaintiff to order goods and merchandise for their store.

6) Plaintiff and Defendant had an agreement, which was entered into in New York in which CARANA was granted the right to be the sole dealer of Jovani merchandise in Puerto Rico.

7) Around February 2007, Plaintiff terminated said agreement effective April 30, 2007, because Defendants began withholding payment for merchandise that had been ordered. Defendants had also placed stop payments on all checks that were tendered to Plaintiff to pay for items purchased by Defendants. Further, Defendants informed Plaintiff that they refused to make any further purchases form Jovani.

8) Defendants were advised of this termination both in writing and orally.

9) In May 2007, after the agreement was Carana was terminated, Plaintiff began selling merchandise to other stores in Puerto Rico. The other stores in Puerto Rico would come New York and order the merchandise.

10) When Defendants learned that Plaintiff had began selling to other companies in Puerto Rico they became irate and began calling and writing letters to the other companies and threatened to sue them if they continued to purchase from Jovani.

11) Upon information and belief, threatening letters were sent to the following stores: Images; Eleonor; Karim boutique; Katiom and Top Hat. (the "Other Puerto Rican Stores").

12) Because of this, Jovani lost numerous orders from the Other Puerto Rican Stores who would have purchased Jovani merchandise.

13) Jovani, also lost business from other store in Puerto Rico and other places around the world because of the actions of the Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION

14) Plaintiff repeats and realleges each and every allegation contained in paragraphs one through 12 above as if fully set forth at length herein.

15) In or about March 2006 - January 2007, and pursuant to written and oral agreements by and between Plaintiff and Defendant, Plaintiff did deliver, sell, and provide Defendant with certain goods and materials at Defendant's specific request.

16) Defendant failed to pay for said goods.

17) Defendant has breached its agreement with Plaintiff and a balance of $100,000.00 is still due and owing to Plaintiff by Defendant.

## AS AND FOR A SECOND CAUSE OF ACTION
## (TORTIOUS INTEFERENCE WITH CONTRACT)



18) The Plaintiff repeats the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19) Defendants interfered with the Plaintiff rights to sell merchandise to the Other Puerto Rican Stores once any exclusive agreement was terminated with CARANA. Defendants threatened the Other Puerto Rican Stores with lawsuits if they continued to order from Plaintiff.

20) The Other Puerto Rican Stores cancelled their orders, and refused to make future purchases in any volume due to the threats of Defendants.

21) By reason of the foregoing, Defendants are liable for damages as a result of their intentional interference with the Plaintiff contracts with the Other Puerto Rican Stores in an amount to be determined by the court but believed to exceed $1,000,000.00.

22) Ana Rivera and Mary Chirino intentional, malicious and wanton treatment of the Plaintiff was motivated solely by personal animus, and should subject them to punitive damages in the amount of $1,000,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION
### (TORTIOUS INTEFERENCE WITH PROSPECTIVE CONTRACT)



23) The Plaintiff repeats the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24) Defendants interfered with the Plaintiff rights to sell merchandise to the Other Puerto Rican Stores and other stores throughout the world once any exclusive agreement was terminated with CARANA.

25) Defendants threatened the Other Puerto Rican Stores and other stores throughout the world with lawsuits if they purchases from the Plaintiff.

26) Because of the threats the Other Puerto Rican Stores other stores throughout the world refused to place orders with Plaintiff.

27) By reason of the foregoing, Defendants are liable for damages as a result of their intentional interference with the Plaintiff prospective contracts in an amount to be determined by the court but believed to exceed $1,000,000.00.

28) Ana Rivera and Mary Chirino intentional, malicious and wanton treatment of the Plaintiff was motivated solely by personal animus, and should subject them to punitive damages in the amount of $1,000,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (PRIMA FACIE TORT)

29) The Plaintiff repeat the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30) As a result of the actions of the Defendants as set forth above the Plaintiff incurred increased a loss of business and damage to their names, as well as attorneys' fees.

31) In view of the foregoing Defendants are liable to the Plaintiff for prima facie tort in an amount to be determined by the court but believed to exceed $1,000,000.00

32) In view of the intentional, wanton and malicious nature of the acts of Ana Rivera and Mary Chirino, the Plaintiff should be entitled to punitive damages in the amount of $1,000,000.00.

WHEREFORE, Plaintiff demands a judgment against all Defendants as follows:

    a) on their first cause of action in the sum of an amount determined by the Court, not believed to be less than $1,000,000.00;

    b) on their second cause of action in the sum an amount determined by the Court, not believed to be less than $1,000,000.00;

    c) on their third cause of action in the sum an amount determined by the Court, not believed to be less than $1,000,000.00;

    d) on their foruth cause of action in the sum an amount determined by the Court, not believed to be less than $1,000,000.00;

e) for interest, costs, and disbursements of this action; and,

f) such other and further relief which this Court deems just proper.

Dated: Great Neck, New York
       January 18, 2008

_____
DANIEL E. SPITALNIC, ESQ.
Attorneys for Plaintiff
46 Grace Avenue, Suite 202
Great Neck, New York 11021
(516) 439-4001

VERIFICATION

STATE OF NEW YORK )
                  ) s.s.:
COUNTY OF NASSAU )

I the undersigned, am an attorney admitted to practice in the Courts of the State of New York, and say that:

I am the attorney for the Plaintiff herein and I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe them to be true.

The reason I make this affirmation instead of the Plaintiff is that Plaintiff's principle place of business in located in another county then the undersigned.

Dated: Great Neck, New York
       January 18, 2008

                                          DANIEL F. SPITALNIC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
JOVANI FASHIONS, LTD.,

                               Plaintiff,

        -against-

CARANA, INC. d/b/a
CARMEN CHIRINO BOUTIQUE,
ANA RIVERA AND MARY CHIRINO
                               Defendants.
-----------------------------------------------------------------x

Index No. 102850/08

**SUMMONS**

Plaintiff's business address
1370 Broadway, 4th Floor
New York, NY 10018

The basis of the venue designated is:
Plaintiff's place of business.

**TO THE ABOVE NAMED DEFENDANTS:**

    YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorney, at the address stated below, an answer to the attached complaint.

    If this summons was personally served upon you in the State of New York, the answer must be served within twenty days after such service of the summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty days after service of the summons is complete as provided by law.

    If you do not serve an answer to the attached complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the relief demanded in the complaint.

    The action will be heard in the Supreme Court of the State of New York, in and for the County of New York. This action is brought in the County of New York because it is the county in which the plaintiff maintains an office for the transaction of business.

Dated: Great Neck, New York
         January 18, 2008

                                                      DANIEL F. SPITALNIC, ESQ.,
                                                      Attorney for Plaintiff
                                                      6 Grace Avenue, Suite 202

ANA RIVERA                                 Great Neck, NY 11021
MARY CHIRINO                             (516) 439-4001
CARANA, INC.
136 Winston Churchill
San Juan, PR 00926.

Index No: 102850/08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOVANI FASHIONS, LTD.,

                Plaintiff,

  -against -

CARANA, INC. d/b/a
CARMEN CHIRINO BOUTIQUE,
ANA RIVERA AND MARY CHIRINO
                Defendants.

**SUMMONS AND COMPLAINT**

DANIEL F. SPITALNIC, ESQ.
Attorney for Plaintiff
Six Grace Avenue, Suite 202
Great Neck, New York 11021
(516) 439-4001

Certification pursuant to 22 NYCRR 130-1.1.

Service of a copy of the within _____ is hereby admitted.

Dated:

                Attorney(s) for