# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Civ. No. 08-CV-2985 (JES)

---

JOVANI FASHIONS, LTD.

Plaintiff,

v.

CARANA, INC. d/b/a CARMEN CHIRINO BOUTIQUE,
ANA RIVERA and MARY CHIRINO,

Defendants.

---

## MOTION IN COMPLIANCE

---

TO THE HONORABLE COURT:

**COME NOW**, CARANA, INC. d/b/a CARMEN CHIRINO BOUTIQUE, ANA RIVERA and MARY CHIRINO, defendants in the above-captioned matter, through their undersigned attorneys, and respectfully **STATE**, **ALLEGE** and **PRAY**:

1) On March 24, 2008, defendants removed the above captioned action from the Supreme Court of the State of New York, County of New York to this Honorable Court.

2) Local Rule 81.1(b directs the removing party to file a copy of all records and proceedings in state court with the Clerk of this Court.

3) In compliance thereof, defendants hereby move and annex hereto a full copy of the records and proceedings contained in the state court file, Index No. 102850/08.

**WHEREFORE**, defendants respectfully request that this Honorable Court deem defendants in compliance with said Local Rule 81.1(b), and for such other and further relief as to this Honorable Court may seem just and proper.

**RESPECTFULLY SUBMITTED**, in the city of San Juan, Puerto Rico on this 25th day of March, 2008.

S/Kenneth C. Suria
Kenneth C. Suria
Bar Code No. KC9944
ATTORNEY FOR DEFENDANTS
WILLIAM ESTRELLA LAW OFFICES, PSC
P. O. Box 9023596
San Juan, Puerto Rico 00902-3596
Tel.:  787-977-5050
Fax:  787-977-5090
Email: kcsuria@welo.net

W:\WDOX\CLIENTS\CARANA\86020002\KCS5885.DOCX

- 2 -

## CERTIFICATE OF SERVICE

I hereby **CERTIFY** that on March 25, 2008, I have caused a copy of this document to be mailed to plaintiff's counsel, Daniel F. Spitalnik, Esq., 6 Grace Avenue, Suite 202, Great Neck, NY 11021, and at his e-mail address: dspitalnic@spitalniclaw.com.

In San Juan, Puerto Rico; this 25th day of March, 2008.

S/Kenneth C. Suria
Kenneth C. Suria
Bar Code No. KCS9944
WILLIAM ESTRELLA LAW OFFICES, PSC
ATTORNEYS FOR DEFENDANTS
P. O. Box 9023596
San Juan, Puerto Rico 00902-3596
Tel.:  787-977-5050
Fax:  787-977-5090
Email: kcsuria@welo.net

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

Index No. 102850/08

08 CV 2985

JOVANI FASHIONS, LTD.

Plaintiff,

v.

CARANA, INC. d/b/a CARMEN CHIRINO BOUTIQUE,
ANA RIVERA and MARY CHIRINO,

Defendants.

---

**MOTION NOTIFYING OF REMOVAL OF ACTION FROM STATE COURT
TO FEDERAL COURT PURSUANT TO 28 U.S.C. §1446**

---

**KENNETH C. SURIA**, an attorney duly admitted to practice in the courts of the State of New York, and attorney for the defendants herein, respectfully **STATES, ALLEGES** and **PRAYS**:

1) Defendant Carana, Inc., is a corporation organized under the laws of the Commonwealth of Puerto Rico with its principal place of business in San Juan, Puerto Rico. Defendants Ana Rivera and Mary Chirino are both individual persons who are a citizens and domiciliaries of the Commonwealth of Puerto Rico. These defendants have referred a copy of the Summons and Complaint to this

office, which was received on March 5, 2008, the same date that Carana, Inc and Ana Rivera were served.  To this date, defendant Mary Rivera has not been served with process.

2) Defendants hereby notify this Honorable Court that they are removing this case to the United States District Court for the District of New York, as permitted by Section 1441 of Title 28 of the United States Code, and pursuant to the codified procedure in Section 1446 of the same Title.

3) We hereby annex a copy of the Petition for Removal duly filed with the Clerk of the Court for the United States District Court for the District of New York.

**WHEREFORE,** it is respectfully requested that this Honorable Court take notice that the above removal to the United States District Court for the District of New York.

**RESPECTFULLY SUBMITTED,** in the city of San Juan, Puerto Rico; on this 21st day of March, 2008.

WILLIAM ESTRELLA LAW OFFICES, PSC
P. O. Box 9023596
San Juan, Puerto Rico 00902-3596
Tel.:  787-977-5050
Fax:  787-977-5090
Email: kcsuria@welo.net

Kenneth C. Suria

W:\WDOX\CLIENTS\CARANA\86020001\KCS5844.DOC

- 2 -

## CERTIFICATE OF SERVICE

I hereby **CERTIFY** that on March 21, 2008, I have caused a copy of this document to be mailed to plaintiff's counsel, Daniel F. Spitalnik, Esq., 6 Grace Avenue, Suite 202, Great Neck, N.Y. 11021.

I further **CERTIFY** that on this same date I have caused to be filed a copy of the foregoing notice with the Clerk of the Court, Supreme Court of the State of New York, County of New York, as prescribed by 28 U.S.C. §1446(d).

In San Juan, Puerto Rico; this 21st day of March, 2008.

Kenneth C. Suria
WILLIAM ESTRELLA LAW OFFICES, PSC
P. O. Box 9023596
San Juan, Puerto Rico 00902-3596
Tel.:  787-977-5050
Fax:  787-977-5090
Email: kcsuria@welo.net

NEW YORK COUNTY CLERKS OFFICE
MAR 24 2008
NOT COMPARED WITH COPY FILE

# Affidavit of Service

## Supreme Court of the State of New YorkCounty of New York
### (Name of Court)

**Jovani Fasions, LTD.,**
(Plantiff)

**vs**

**Carana, Inc. Carmen Chirino Boutique, Ana Rivera ansd Mary Chirino**
(Defendant)

**1028-50/08**
(Case Number)

I, Freddy Rivera, being first duly sworn, depose and say: That I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**SERVICE:** I served **Carana, Inc.**, Defendant, with *__Summons, Complaint,__* by leaving with **Ana Rivera one of the defendants**, at 136 Winston Churchill San Juan PR 00926 on 03/05/2008 at 9:00AM.

**MANNER OF SERVICE:** Corporate Service

**DESCRIPTION:**
Age 37   Sex female   Race Hispanic   Weight 130bs   Height 5'8"   Glasses no

_____
(SIGNATURE OF PROCESS SERVER)

AFF. NO. 23,117

Subscribed and sworn to before me this ____6____ day of _MARCH_____, ~~2007~~ 2008

_____
(SIGNATURE OF NOTARY PUBLIC)

Notary for the State of _PUERTO RICO_

**FILED**

MAR 1 4 2008

NEW YORK
COUNTY CLERK'S OFFICE

# Affidavit of Service

## Supreme Court of the State of New YorkCounty of New York
### (Name of Court)

**Jovani Fasions, LTD.,**
(Plantiff)

**vs**

**Carana, Inc. Carmen Chirino Boutique, Ana Rivera ansd Mary Chirino**
(Defendant)

**1028-50/08**
(Case Number)

I, Freddy Rivera, being first duly sworn, depose and say: That I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**SERVICE:** I served **Ana Rivera.**, Defendant, with *__Summons, Complaint,__ by leaving with **Ana Rivera one of the defendants**, at 136 Winston Churchill San Juan PR 00926 on 03/05/2008 at 9:00AM.

**MANNER OF SERVICE:** Personal Service

**DESCRIPTION:**
Age 37    Sex female    Race Hispanic    Weight 130bs    Height 5'8"    Glasses no

_____
(SIGNATURE OF PROCESS SERVER)

FILED

MAR 1 4 2008

NEW YORK
COUNTY CLERKS OFFICE

AFF. NO.  23,116

Subscribed and sworn to before me this ___6___ day of ___MARCH___ , XXXX 2008

_____
(SIGNATURE OF NOTARY PUBLIC)

Notary for the State of __PUERTO RICO__

# Affidavit of Service

## Supreme Court of the State of New YorkCounty of New York
### (Name of Court)

**Jovani Fasions, LTD.,**
(Plantiff)

**vs**

**Carana, Inc. Carmen Chirino Boutique, Ana Rivera ansd Mary Chirino**
(Defendant)

**1028-50/08**
(Case Number)

I, Freddy Rivera, being first duly sworn, depose and say: That I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**SERVICE:** I served **Mary Chirino** Defendant, with *__Summons, Complaint,__ by leaving with **Ana Rivera one of the defendants**, at 136 Winston Churchill San Juan PR 00926 on 03/05/2008 at 9:00AM.

**MANNER OF SERVICE:** Substitute Service

**DESCRIPTION:**
Age 37    Sex female    Race Hispanic    Weight 130bs    Height 5'8"    Glasses no

FILED

MAR 1 4 2008

_____
(SIGNATURE OF PROCESS SERVER)

AFF. NO.    23,115

Subscribed and sworn to before me this ___6___ day of __MARCH__ , XXXX 2008

_____
(SIGNATURE OF NOTARY PUBLIC)    Notary for the State of __PUERTO RICO__

Index No: 102850/2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOVANI FASHIONS, LTD.,

Plaintiff,

-against -

CARANA, INC. d/b/a
CARMEN CHIRINO BOUTIQUE ,
ANA RIVERA AND MARY CHIRINO
Defendants.

## AFFIDAVITS OF SERVICE

DANIEL F. SPITALNIC, ESQ.
Attorney for Plaintiff
Six Grace Avenue, Suite 202
Great Neck, New York 11021
(516) 439-4001

Certification pursuant to 22 NYCRR 130-1.1.

_____

Service of a copy of the within _____ is hereby admitted,

Dated:

_____
Attorney(s) for

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
JOVANI FASHIONS, LTD.,

                        Plaintiff,

           -against -

CARANA, INC. d/b/a
CARMEN CHIRINO BOUTIQUE ,
ANA RIVERA AND MARY CHIRINO
               Defendants.

-------------------------------------------------------------

Index No.

**08102850**

**SUMMONS**

Plaintiff's business address
1370 Broadway, 4th Floor
New York, NY 10018

The basis of the venue designated is:
Plaintiff's place of business.

FILED

COUNTY CLERK'S OFFICE
FEB 22 2008
NEW YORK

## TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorney, at the address stated below, an answer to the attached complaint.

    If this summons was personally served upon you in the State of New York, the answer must be served within twenty days after such service of the summons, excluding the date of service.  If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty days after service of the summons is complete as provided by law.

    If you do not serve an answer to the attached complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the relief demanded in the complaint.

    The action will be heard in the Supreme Court of the State of New York, in and for the County of New York.  This action is brought in the County of New York because it is the county in which the plaintiff maintains an office for the transaction of business.

Dated: Great Neck, New York
       January 18, 2008

                              DANIEL F. SPITALNIC, ESQ.,

                              Attorney for Plaintiff
                              6 Grace Avenue, Suite 202

ANA RIVERA                         Great Neck, NY  11021
MARY CHIRINO                     (516) 439-4001
CARANA, INC.
136 Winston Churchill
San Juan, PR 00926.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

JOVANI FASHIONS, LTD.,

                Plaintiff,

        -against-

CARANA, INC. d/b/a
CARMEN CHIRINO BOUTIQUE,
ANA RIVERA AND MARY CHIRINO

                Defendants.

------------------------------------------------------------X

Index No.:

**COMPLAINT**

08102850

FILED
FEB 22 2008
COUNTY CLERK'S OFFICE
NEW YORK

        Plaintiff, by its attorney DANIEL F. SPITALNIC, ESQ. as for its complaint alleges as follows:

    1)    JOVANI FASHIONS, LTD. ("Jovani"), is a New York Business Corporation with its principal place of business located at 1370 Broadway, 4th Floor, New York, New York 10018. Jovani is engaged in the design and sale of formalwear dresses.

    2)    Upon information and belief, Defendant CARANA, INC. d/b/a CARMEN CHIRINO BOUTIQUE hereinafter ("Carana" or "Defendant") was and still is Puerto Rican Corporation who maintains its corporate headquarters at 136 Winston Churchill, San Juan, PR 00926.

    3)    Upon information and belief, Ana Rivera, was and still is a natural person, who resides in Puerto Rico.

    4)    Upon information and belief, Mary Chirino, was and still is a natural person, who resides in Puerto Rico.

5)      ANA RIVERA AND MARY CHIRINO, as individuals and as owners and board members of CARANA, INC. d/b/a CARMEN CHIRINO BOUTIQUE would regularly come to the New York office of Plaintiff to order goods and merchandise for their store.

6)      Plaintiff and Defendant had an agreement, which was entered into in New York in which CARANA was granted the right to be the sole dealer of Jovani merchandise in Puerto Rico.

7)      Around February 2007, Plaintiff terminated said agreement effective April 30, 2007, because Defendants began withholding payment for merchandise that had been ordered. Defendants had also placed stop payments on all checks that were tendered to Plaintiff to pay for items purchased by Defendants. Further, Defendants informed Plaintiff that they refused to make any further purchases form Jovani.

8)      Defendants were advised of this termination both in writing and orally.

9)      In May 2007, after the agreement was Carana was terminated, Plaintiff began selling merchandise to other stores in Puerto Rico. The other stores in Puerto Rico would come New York and order the merchandise.

10)     When Defendants learned that Plaintiff had began selling to other companies in Puerto Rico they became irate and began calling and writing letters to the other companies and threatened to sue them if they continued to purchase from Jovani.

11)     Upon information and belief, threatening letters were sent to the following stores: Images; Eleonor; Karim boutique; Katiom and Top Hat. (the "Other Puerto Rican Stores").

12)     Because of this, Jovani lost numerous orders from the Other Puerto Rican Stores who would have purchased Jovani merchandise.

13)    Jovani, also lost business from other store in Puerto Rico and other places around the world because of the actions of the Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION

14)    Plaintiff repeats and realleges each and every allegation contained in paragraphs one through 12 above as if fully set forth at length herein.

15)    In or about March 2006 - January 2007, and pursuant to written and oral agreements by and between Plaintiff and Defendant, Plaintiff did deliver, sell, and provide Defendant with certain goods and materials at Defendant's specific request.

16)    Defendant failed to pay for said goods.

17)    Defendant has breached its agreement with Plaintiff and a balance of $100,000.00 is still due and owing to Plaintiff by Defendant.

## AS AND FOR A SECOND CAUSE OF ACTION
## (TORTIOUS INTEFERENCE WITH CONTRACT)

18)    The Plaintiff repeats the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19)    Defendants interfered with the Plaintiff rights to sell merchandise to the Other Puerto Rican Stores once any exclusive agreement was terminated with CARANA. Defendants threatened the Other Puerto Rican Stores with lawsuits if they continued to order from Plaintiff.

20)    The Other Puerto Rican Stores cancelled their orders, and refused to make future purchases in any volume due to the threats of Defendants.

13)   Jovani, also lost business from other store in Puerto Rico and other places around the world because of the actions of the Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION

14)   Plaintiff repeats and realleges each and every allegation contained in paragraphs one through 12 above as if fully set forth at length herein.

15)   In or about March 2006 - January 2007, and pursuant to written and oral agreements by and between Plaintiff and Defendant, Plaintiff did deliver, sell, and provide Defendant with certain goods and materials at Defendant's specific request.

16)   Defendant failed to pay for said goods.

17)   Defendant has breached its agreement with Plaintiff and a balance of $100,000.00 is still due and owing to Plaintiff by Defendant.

## AS AND FOR A SECOND CAUSE OF ACTION
## (TORTIOUS INTEFERENCE WITH CONTRACT)

18)   The Plaintiff repeats the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19)   Defendants interfered with the Plaintiff rights to sell merchandise to the Other Puerto Rican Stores once any exclusive agreement was terminated with CARANA. Defendants threatened the Other Puerto Rican Stores with lawsuits if they continued to order from Plaintiff.

20)   The Other Puerto Rican Stores cancelled their orders, and refused to make future purchases in any volume due to the threats of Defendants.

21)    By reason of the foregoing, Defendants are liable for damages as a result of their intentional interference with the Plaintiff contracts with the Other Puerto Rican Stores in an amount to be determined by the court but believed to exceed $1,000,000.00.

22)    Ana Rivera and Mary Chirino intentional, malicious and wanton treatment of the Plaintiff was motivated solely by personal animus, and should subject them to punitive damages in the amount of $1,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION
### (TORTIOUS INTEFERENCE WITH PROSPECTIVE CONTRACT)

23)    The Plaintiff repeats the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24)    Defendants interfered with the Plaintiff rights to sell merchandise to the Other Puerto Rican Stores and other stores throughout the world once any exclusive agreement was terminated with CARANA.

25)    Defendants threatened the Other Puerto Rican Stores and other stores throughout the world with lawsuits if they purchases from the Plaintiff.

26)    Because of the threats the Other Puerto Rican Stores other stores throughout the world refused to place orders with Plaintiff.

27)    By reason of the foregoing, Defendants are liable for damages as a result of their intentional interference with the Plaintiff prospective contracts in an amount to be determined by the court but believed to exceed $1,000,000.00.

28)    Ana Rivera and Mary Chirino intentional, malicious and wanton treatment of the Plaintiff was motivated solely by personal animus, and should subject them to punitive damages in the amount of $1,000,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (PRIMA FACIE TORT)

29)    The Plaintiff repeat the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30)    As a result of the actions of the Defendants as set forth above the Plaintiff incurred increased a loss of business and damage to their names, as well as attorneys' fees.

31)    In view of the foregoing Defendants are liable to the Plaintiff for prima facie tort in an amount to be determined by the court but believed to exceed $1,000,000.00.

32)    In view of the intentional, wanton and malicious nature of the acts of Ana Rivera and Mary Chirino, the Plaintiff should be entitled to punitive damages in the amount of $1,000,000.00.

WHEREFORE, Plaintiff demands a judgment against all Defendants as follows:

a)  on their first cause of action in the sum of
    an amount determined by the Court, not believed
    to be less than $1,000,000.00;

b)  on their second cause of action in the sum
    an amount determined by the Court, not believed
    to be less than $1,000,000.00;

c)  on their third cause of action in the sum
    an amount determined by the Court, not believed
    to be less than $1,000,000.00;

d)  on their foruth cause of action in the sum
    an amount determined by the Court, not believed
    to be less than $1,000,000.00;

e)    for interest, costs, and disbursements of this action; and,

f)    such other and further relief which this Court deems just proper.


Dated: Great Neck, New York
        January 18. 2008




DANIEL F. SPITALNIC, ESQ.
Attorneys for Plaintiff
6 Grace Avenue, Suite 202
Great Neck, New York 11021
(516) 439-4001

## VERIFICATION

STATE OF NEW YORK )
                         ) s.s.:

COUNTY OF NASSAU )

        I the undersigned, am an attorney admitted to practice in the Courts of the State of New York, and say that:

        I am the attorney for the Plaintiff herein and I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe them to be true.

        The reason I make this affirmation instead of the Plaintiff is that Plaintiff's principle place of business in located in another county then the undersigned.

Dated: Great Neck, New York
          January 18. 2008

                                       DANIEL F. SPITALNIC

Index No:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOVANI FASHIONS, LTD.,

Plaintiff,

-against -

CARANA, INC. d/b/a
CARMEN CHIRINO BOUTIQUE ,
ANA RIVERA AND MARY CHIRINO
                              Defendants.

## SUMMONS AND COMPLAINT

DANIEL F. SPITALNIC, ESQ.
Attorney for Plaintiff
Six Grace Avenue, Suite 202
Great Neck, New York 11021
(516) 439-4001

Certification pursuant to 22 NYCRR 130-1.1.

Service of a copy of the within _____ is hereby admitted,

Dated:

                                        _____
                                        Attorney(s) for