# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Docket No. 08-cv-2985 (JES)

---

JOVANI FASHIONS, LTD.

Plaintiff,

v.

CARANA, INC d/b/a CARMEN CHIRINO BOUTIQUE;
ANA RIVERA and MARY RIVERA

Defendants

---

## ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES

---

**TO THE HONORABLE COURT:**

**COMES NOW,** Defendants, CARANA, INC d/b/a CARMEN CHIRINO BOUTIQUE; ANA RIVERA and MARY RIVERA, through their undersigned attorneys, as and for their answer to the plaintiff's complaint, respectfully **STATES, ALLEGES** and **PRAYS**:

1) The defendants deny having sufficient knowledge and information to form a belief with regard to the veracity of this allegation contained in paragraph 1 of the complaint.

2) The defendants admit the allegations contained in paragraph 2 of the complaint.

WILLIAM ESTRELLA LAW OFFICES, PSC

3) The defendants admit the allegations contained in paragraph 3 of the complaint.

4) The defendants admit the allegations contained in paragraph 4 of the complaint.

5) The defendants deny the allegations contained in paragraph 5 of the complaint; except that defendants admit that Ana Rivera is an owner and member of the board of directors of CARANA, Inc. Defendants affirmatively allege that during their 15-year relation with plaintiff, they have been in New York City on only two (2) occasions.

6) The defendants deny the allegations contained in paragraph 6 of the complaint, except that they admit that Carana, Inc. entered into an exlusive distributorship agreement with the plaintiff through dealings in San Juan, Puerto Rico and Atlanta, Georgia.

7) The defendants deny the allegations contained in paragraph 7 of the complaint.

8) The defendants deny the allegations contained in paragraph 8 of the complaint.

9) The defendants deny having sufficient knowledge and information to form a belief with regard to the veracity of this allegation contained in paragraph 9 of the complaint.

10) The defendants deny the allegation contained in paragraph 10 of the complaint. Defendants affirmatively allege that they wrote letters advising third parties that they were the exclusive distributors in Puerto Rico and that the third

parties had no right to be selling the exclusive merchandise in the territory. Defendants futher allege that at the time that the letters were sent, defendants had not been notified by the principal that it had illegally terminated their contract.

11) The defendants deny the allegation contained in paragraph 11 of the complaint in the form alleged.

12) The defendants deny having sufficient knowledge and information to form a belief with regard to the veracity of this allegation contained in paragraph 12 of the complaint.

13) The defendants deny the allegations contained in paragraph 12 of the complaint.

## AS TO THE FIRST CAUSE OF ACTION

14) The defendants repeat, re-allege and reiterate all the responsive allegations contained in paragraphs 1 through 13 of the within answer with the same force and effect as fully set forth herein.

15) The defendants deny the allegations contained in paragraph 15, of the complaint. Defendants affirmatively allege that the relationship between the plaintiff and the defendants spanned for aperiod of at least fifteen (15) years, and during that period of time, plaintiff sold and defendants purchased merchandise.

16) The defendants deny the allegation contained in paragraph 16 of the complaint.

17) The defendants deny the allegation contained in paragraph 17 of the complaint.

## AS TO THE SECOND CAUSE OF ACTION

18) The defendants repeat, re-allege and reiterate all the responsive allegations contained in paragraphs 1 through 17 of the within answer with the same force and effect as fully set forth herein.

19) The defendants deny the allegation contained in paragraph 19 of the complaint; except that defendant admits the existence an exclusive distributorship agreement between the plaintiff and the defendant and that plaintiff terminated said agreement without just cause.

20) The defendants deny having sufficient knowledge and information to form a belief with regard to the veracity of this allegation contained in paragraph 20 of the complaint.

21) The defendants deny the allegation contained in paragraphs 21 of the complaint.

22) The defendants deny the allegation contained in paragraphs 22 of the complaint.

## AS TO THE THIRD CAUSE OF ACTION

23) The defendants repeat, re-allege and reiterate all the responsive allegations contained in paragraphs 1 through 21 of the within answer with the same force and effect as fully set forth herein.

24) The defendants deny the allegation contained in paragraph 24 of the complaint.

25) The defendants deny the allegation contained in paragraph 25 of the complaint.

26) The defendants deny the allegation contained in paragraph 26 of the complaint.

27) The defendants deny the allegation contained in paragraph 27 of the complaint.

28) The defendants deny the allegation contained in paragraph 28 of the complaint.

## AS TO THE FOURTH CAUSE OF ACTION

29) The defendants repeat, re-allege and reiterate all the responsive allegations contained in paragraphs 1 through 28 of the within answer with the same force and effect as fully set forth herein.

30) The defendants deny the allegation contained in paragraph 30 of the complaint.

31) The defendants deny the allegation contained in paragraph 31 of the complaint.

32) The defendants deny the allegation contained in paragraph 32 of the complaint.

## AS TO THE PRAYER FOR RELIEF

33) The defendant denies the the prayer for relief in the plaintiff's complaint. Defendants affirmatively assert that plaintiff did not suffer any of the damages alleged in the complaint.

34) These defendants deny any other allegation that may be contained in the complaint that has not been expressly admitted in this answer to the plaintiff's complaint.

## AFFIRMATIVE DEFENSES

The appearing defendants incorporate herein all the affirmative allegations set forth in response to the complaint above; additionally, they allege the following affirmative defenses:

a.  The within alleged tort actions occurred within the Commonwealth of Puerto Rico, fo which the local law of the Puerto Rico applies; consequently, since the statute of limitation for tort actions has heretofore expired within the one year from the occurrence of the act the cause of action has prescribed.

b.  The within action must be dismissed pursuant to Fed. R. Civ. P. 19 since the plaintiff failed to join all necessary parties to a proper and complete adjudication of this lawsuit.

c.  The Honorable Court does not have personal jurisdiction over defendant Mary Rivera because she has not been served with process in this case; further, she has no relation with Carana, Inc or the transactions alleged in the complaint; and she is not an owner or Board Member of Carana, Inc.

  d. The damages and/or injuries claimed in this case were caused exclusively by the negligent and/or intentional actions of the plaintiff. Any judgment recovered in this action must be reduced by the percent of the negligence awarded to the plaintiff by the jury.

  e. Subject to the discovery results, the damages and/or injuries claimed in this case were caused exclusively by the actions of a third person not a party to this lawsuit. The defendant will request that any award of damages in this case be reduced by that percent of negligence that a jury may find in a liable person or company not brought into this lawsuit so as not to defeat diversity jurisdiction.

  f. The institution of this action is barred by the doctrine of laches.

  g. The damages and injuries allegedly resulting from this accident as claimed by the plaintiff in her complaint are unreasonable and exaggerated, and hold no rational relation to the injuries that she actually sustained.

  h. This Honorable Court does not have jurisdiction over the person of the defendants due to the lack of sufficient contacts with the State of New York.

  i. The claim as pleaded fails to state a cause of action upon which relief can be granted.

  j. Plaintiff failed to comply with her duty to mitigate damages.

  k. Defendant did not fail to comply with any duty allegedly owed to the plaintiff.

  l. There is no negligent action or omission that can be attributed to the defendant herein.

  m. This case should be dismissed because of forum non conveniens.

  n. There is no proximate cause or adequate causation between the damages and injuries alleged by the plaintiff and the any action or omission on behalf of the defendant.

  o. Plaintiff has filed this lawsuit with full knowledge that it lacks a valid and legal cause of action against the defendants, reason for which the Honorable Court should consider imposing upon the plaintiff payment for defendant's costs, disbursements and attorneys' fees because of her obstinacy.

  p. The contract was entered into and performed in San Juan, Puerto Rico or Atlanta, Georgia; nevertheless, since all the business was carried out in Puerto Rico, the law of the Commonwealth of Puerto Rico applies to the fact of this case.

  q. The defendant at this time reserves its right to amend its answer to the complaint should additional information arise during the discovery proceedings in this matter.

  **WHEREFORE**, defendant respectfully requests that this Honorable Court dismiss the aforementioned complaint and grant Defendants, costs, disbursements and attorneys' fees, together with such other and further relief as to this Honorable Court may seem just and proper.

  **RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 4th day of April, 2008.

S/KENNETH C. SURIA
Kenneth C. Suria
Bar No. KC9944
Email: kcsuria@welo.net

WILLIAM ESTRELLA LAW OFFICES, PSC
Attorneys for *CARANA, INC.*
P. O. Box 9023596
San Juan, Puerto Rico 00902-3596
Tel.: 787-977-5050
Fax: 787-977-5090

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel F. Spitalnik at dspitalnic@spitalniclaw.com ; and

Kenneth C. Suria at kcsuria@welo.net;

At San Juan, Puerto Rico, this 4TH day of April, 2008.

S/KENNETH C. SURIA
Kenneth C. Suria
D.P.R. Bar No. 212304
Email: kcsuria@welo.net

WILLIAM ESTRELLA LAW OFFICES, PSC
Attorneys for CARANA, INC.
P. O. Box 9023596
San Juan, Puerto Rico 00902-3596
Tel.: 787-977-5050
Fax: 787-977-5090

W:\WDOX\CLIENTS\CARANA\86020002\KCS5869.DOC