# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**Civ. No. 08-CV-2985 (JES)(AJP)**

---

**JOVANI FASHIONS, LTD.**

**Plaintiff,**

**v.**

**CARANA, INC. d/b/a CARMEN CHIRINO BOUTIQUE,
ANA RIVERA and MARY CHIRINO,**

**Defendants.**

---

**MOTION TO TRANSFER CASE BECAUSE OF FORUM NON CONVENIENS**

---

**TO THE HONORABLE COURT:**

**COME NOW**, CARANA, INC. d/b/a CARMEN CHIRINO BOUTIQUE, ANA RIVERA and MARY CHIRINO, defendants in the above-captioned matter, through their undersigned attorneys, and in support of their motion for an order transferring this case to the United States District Court for the District of Puerto Rico, respectfully **STATE, ALLEGE** and **PRAY**:

1) Defendants respectfully request that this Honorable court enters and order to transfer venue pursuant to 28 U.S.C. §1404(a) from this district to the United States District Court for the District of Puerto Rico, which is a more convenient forum to hear this matter. See *Piper*

_Aircraft Co., v. Reyno_, 454 U.S. 235, 254, 102 S.Ct. 252, 70 L.Ed. 2d. 419 (1981).

2) On December 26, 2007, the defendant Carana, Inc. commenced an action in the United States District Court for the District of Puerto Rico involving substantially the same parties entitled, Carana, Inc v. Jovani Fashions, Ltd. et al., Civil No. 07-civ-2230(JAF), pending before Chief Judge José A. Fusté. Please refer to **Exhibit A** annexed hereto for a copy of the complaint in that matter and Exhibit B for a copy of Jovani's answer to the complaint.

3) Upon being served with process in the Puerto Rico action, Plaintiff filed an action in the Supreme Court of the State of New York, County of New York on February 22, 2008, but not before requesting at least two additional extensions of time to answer the complaint in the District of Puerto Rico matter. Defendants herein were not served in the local Supreme Court, County of New York until March 5, 2008.

4) On March 24, 2008, defendants removed the above captioned action from the Supreme Court of the State of New York, County of New York to this Honorable Court. Both federal cases, Southern District of New York and District of Puerto Rico, involve similar issues and factual

circumstances that can be disposed of simultaneously by transferring this matter to the District of Puerto Rico and consolidating both cases in Puerto Rico, where the causes of action arose.

5) Defendants filed their answer in the instant case on April 4, 2008 where they asserted as affirmative defenses the lack of personal jurisdiction because of a lack of contacts with the forum state and forum non conveniens because all of the witnesses belonging to the companies cited in the complaint as well as the defendants reside within the District of Puerto Rico.   Further, the causes of action arose in Puerto Rico.

6) A reading of the plaintiff's complaint in this case demonstrates that the majority of the witnesses that the plaintiff refers to are located in the Commonwealth of Puerto Rico, including the defendants.   All actions that the plaintiff complains of the Defendants occurred within the judicial district of Puerto Rico.   All stores that the plaintiff cites in paragraph 11 of the complaint – Images, Eleonor, Karim Boutique, Katiom and Top Hat (See **Exhibit C** for copy of plaintiff's web page listing all sellers of Jovani dresses in Puerto Rico) – are all located in Puerto Rico; consequently, Puerto Rico is a more proper forum in

- 3 -

which to litigate this matter. Additionally, the federal district action in Puerto Rico was commenced before the New York State court action.

7) At the outset, defendants deny ever making any purchases in New York; their purchases were made in other states, including the State of Georgia. Once the orders where placed, the plaintiff's distributor, agent or seller would then place the orders with Jovani. Defendant, as exclusive distributor of Jovani, made all purchases through an intermediary known as Michelle Harris and Associates in Atlanta, Georgia, and others in states other than New York. These were purchases that were made for the benefit of Jovani. See Ana Rivera Statement Under Penalty of Perjury annexed hereto.

8) Clearly, the United States District of Puerto Rico is a district in which this action might have been brought. And, aside from being a more proper forum for the action, it has subject matter jurisdiction and personal jurisdiction over the parties already because of the other action. See *Hoffman v. Blaski*, 363 U.S. 335, 343-344, 80 S.Ct. 1084, 4 L.Ed. 2d 1254 (1960).

9) In considering transferring cases because of forum non conveniens, courts have considered several factors in

- 4 -

conducting the convenience analysis. Although the list below is not exhaustive, in this case these factors lean towards the transfer of the case. The factors are: (1) the parties' forum preferences; (2) where the claim arose; (3) convenience of the parties as indicated by their relative physical and financial condition; (4) the convenience of witnesses, including any potential travel burden or witness unavailability; (5) location of documentary and demonstrative evidence; (6) whether the judgment will be enforceable; (7) practical considerations that could make trial simple, expeditious, or inexpensive, as well as the state of the dockets in the available venues; (8) the chosen forum's interest in deciding issues of local concern; (9) the public policies of each district; and (10) the relative familiarity of the district judges with the applicable substantive law. See 17 Moore's Federal Practice, §111.12 (Matthew Bender 3d ed.).

10) With regard to the **first factor**, "the parties' forum preferences", plaintiff prefers the Supreme Court New York County as it is the forum that it selected to litigate the case. On the other hand, Defendants seek the transfer from this district to the forum where all three defendants and all nonparty witnesses are domiciled, which is the

District of Puerto Rico. And, it is where the actions
giving rise to plaintiff's complaint arose, and where the
local law should apply to the case. Further, there is no
forum selection clause involved in the case.

11) With regard to the **second factor**, "where the claim
arose", without a doubt the claim arose within the District
of Puerto Rico. According to the complaint, all act
alleged in support of its cause of action occurred within
the District of Puerto Rico. These include the allegations
relative to third parties who allegedly sold the
plaintiff's merchandise in Puerto Rico. Therefore, this
factor leans toward transferring the case.

12) As to the **third and the fourth factors**, they will
be discussed jointly. The three defendants are physically
present in Puerto Rico. Two of the defendants are
individual defendants, one of whom (Mary Rivera) has
nothing to do with the case because she is not part of the
company defendant. With regard to the non-party witnesses,
plaintiff named several Puerto Rico companies in paragraph
11 of its complaint, all of which will probably be deposed
because of the allegations that the plaintiff is making
against the defendants. Clearly, if the case stays in New
York, there is a strong likelihood or probability that

- 6 -

there will be important witnesses unavailable for trial because the burden of traveling to New York for discovery and trial will be huge for these small stores. Also, these witnesses are not within the 100-mile bulge if the case stays in the Southern District of New York.  On the other hand, the plaintiff may have only one or two witnesses, from the company (interested party) whose burden will not be as great as those of the defendants and of the non-party witnesses.  Defendants  respectfully  submit  that  these factors tip the balance in favor of transferring the case to the District of Puerto Rico.

13) With  regard  to  the  **fifth  factor**,  location  of documentary and demonstrative evidence, most documentary evidence will be located in Puerto Rico.  Besides the documentary evidence from the defendants, there will be documentary evidence from the non-party witnesses that is also located in Puerto Rico.

14) Regarding the **sixth factor**, whether judgment will be enforceable, defendants submit that the judgment will probably be enforceable in either district.  Nevertheless, it is worth pointing out that the defendants' assets are all located within the District of Puerto Rico.

- 7 -

15) As to the **seventh factor,** practical considerations that could make trial simple, expeditious, or inexpensive, as well as the state of the dockets in the available venues, transferring the case to the District of Puerto Rico is in order.  Here, we must consider that there is already a prior action pending between the parties. See **Exhibit A.**  In transferring the case to Puerto Rico, both cases can be consolidated and a single trial can take place and dispose of the cases.  This will minimize duplicity of depositions, duplicity of discovery from nonparty witnesses that are located in Puerto Rico, and duplicity of trials since the causes of action are related to a great extent. Also, since the causes of actions arose in Puerto Rico in both cases, the applicable law will be Puerto Rico law. Lastly, the court docket in the district of Puerto Rico is less congested than that of the Southern District of New York, by mere size of the population within the respective districts.

16) With regard to the **eighth factor,** the chosen forum's interest in deciding issues of local concern, with all due respect, the foreign concern's interest outweighs the local concern. First, the applicable law will be Puerto Rico law since all the incidents that lead to the alleged

- 8 -

causes of actions arose there.    Second, on the pleadings,
defendants in this case do not have minimum contacts with
the forum state since all purchases were made in Georgia.
Third,   the   people   and   businesses   that   plaintiff   and
defendants need to establish their respective allegations
are all located in Puerto Rico.    The fact that defendant
made long distance purchases for the plaintiff's benefits
do   not   create   an   interest   in   deciding   a   local   concern
especially since there is none.    Consequently, the balance
tilts in favor of transferring the case.

    17) As to the **ninth factor**, the public policies of each
district, defendant submits that there is a strong public
policy in the District of Puerto Rico in deciding matters
of local law.    As defendants are certain the same strong
public policy exists in the Southern District of New York,
the   law   to   be   applied   and   the   facts   to   be   decided
substantially arose within the District of Puerto Rico.
Therefore, the balance should tilt in favor of transferring
the case.

    18) The last of the factors, the relative familiarity
of the district judges with the applicable substantive law,
clearly favors transferring the case.    The causes of action
arose in Puerto Rico; there is no forum selection clause

applicable; and the law to be applied will be Puerto Rico law, a civil law jurisdiction. Thus, the district judges in Puerto Rico will probably be more familiar with the substantive law of Puerto Rico. See *Ferens v. John Deere Co.*, 494 U.S. 516, 524-527, 110 S.Ct. 1274, 108 L.Ed. 2d 443 (1990).

19) Clearly, after examining the above factors, and given that the transfer of a case to another forum concerns the proper administration of justice, we can conclude that the factors to be considered lean toward the transfer of the case to the District of Puerto Rico. Therefore, this Honorable Court should enter an order transferring this case to the United States District Court for the District of Puerto Rico.

**WHEREFORE**, defendants respectfully request that this Honorable Court issues an order transferring this matter to the United States District Court for the District of Puerto Rico, and for such other and further relief as to this Honorable Court may seem just and proper.

**RESPECTFULLY SUBMITTED**, in the city of San Juan, Puerto Rico on this 9th day of May, 2008.

> S/Kenneth C. Suria
> Kenneth C. Suria
> SDNY Bar Code No. KC9944
> ATTORNEY FOR DEFENDANTS
> WILLIAM ESTRELLA LAW OFFICES, PSC
> P. O. Box 9023596
> San Juan, Puerto Rico 00902-3596
> Tel.: 787-977-5050
> Fax: 787-977-5090
> Email: kcsuria@welo.net

W:\WDOX\CLIENTS\CARANA\86020002\KCS5967.DOCX

- 11 -

## **CERTIFICATE OF SERVICE**

I hereby **CERTIFY** that on May 9, 2008, I have caused a copy of this document to be mailed to plaintiff's counsel, Daniel F. Spitalnik, Esq., at his business address, 6 Grace Avenue, Suite 202, Great Neck, NY 11021, and at his e-mail address: dspitalnic@spitalniclaw.com; and to the Plaintiff at its business address 1370 Broadway, New York, New York 10018.

In San Juan, Puerto Rico; this 9th day of May, 2008.

> S/Kenneth C. Suria
> Kenneth C. Suria
> Bar Code No. KC9944
> WILLIAM ESTRELLA LAW OFFICES, PSC
> ATTORNEYS FOR DEFENDANTS
> P. O. Box 9023596
> San Juan, Puerto Rico 00902-3596
> Tel.: 787-977-5050
> Fax:  787-977-5090
> Email: kcsuria@welo.net

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Docket No. 08-cv-2985 (JES)

---

### JOVANI FASHIONS, LTD.

Plaintiff,

v.

### CARANA, INC d/b/a CARMEN CHIRINO BOUTIQUE;
### ANA RIVERA and MARY RIVERA

Defendants

---

## PREMOTION CONFERENCE CERTIFICATE

---

**TO THE HONORABLE COURT:**

**COME NOW,** CARANA, INC. d/b/a CARMEN CHIRINO BOUTIQUE, ANA RIVERA and MARY CHIRINO, defendants in the above-captioned matter, through their undersigned attorneys, and respectfully **STATE, ALLEGE** and **PRAY:**

1) The defendants removed this case on March 24, 2008, and copies of all documents filed were delivered to counsel for the plaintiff in the State Court action.

2) To this date, no counsel has heretofore appeared in this federal court action on behalf of the plaintiff herein.

3) Defendant has provided copy of all papers to counsel in state court action but has not received any

response, and no appearance has been made by said counsel in this action.

4) Consequently, a pre-motion counference with counsel for defendant has been impossible to this date.

WHEREFORE, defendants respectfully certify these facts to the Honorable Court.

### CERTIFICATE OF SERVICE

I hereby **CERTIFY** that on May 9, 2008, I have caused a copy of this document to be mailed to plaintiff's counsel, Daniel F. Spitalnik, Esq., 6 Grace Avenue, Suite 202, Great Neck, NY 11021, and at his e-mail address: dspitalnic@spitalniclaw.com; and to the Plaintiff at its business address 1370 Broadway, New York, New York 10018.

In San Juan, Puerto Rico; this 9th day of May, 2008.

S/Kenneth C. Suria
Kenneth C. Suria
Bar Code No. KCS9944
WILLIAM ESTRELLA LAW OFFICES, PSC
ATTORNEYS FOR DEFENDANTS
P. O. Box 9023596
San Juan, Puerto Rico 00902-3596
Tel.:  787-977-5050
Fax:  787-977-5090
Email: kcsuria@welo.net

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Docket No. 08-cv-2985 (JES)

JOVANI FASHIONS, LTD.

Plaintiff,

v.

CARANA, INC d/b/a CARMEN CHIRINO BOUTIQUE;
ANA RIVERA and MARY RIVERA

Defendants

## STATEMENT UNDER PENALTY OF PERJURY
## PURSUANT TO 28 USC §1746

ANA RIVERA, of legal age, married, <u>Secretary/Treasurer</u> of CARANA,
Inc., and a resident of San Juan, Puerto Rico, states under penalty of perjury
pursuant to 28 U.S.C. §1746, the following:

1)    That my personal circumstances are as stated above.

2)    I am an owner and member of the board of directors of CARANA,
Inc.

3)    Carana's relationship with the plaintiff began nearly fifteen (15) years
ago.

4)    During those fifteen years, I have been the person making purchases
from the plaintiff through its representative Michelle Harrisson & Associates out

of their showroom in Atlanta, Georgia. That during that same 15-year period, I have been in New York City on only two (2) occasions, in which I made any purchase directly from Jovani at their premises.

5) Carana, Inc. has an exlusive distributorship agreement with the plaintiff through their dealings in San Juan, Puerto Rico and Atlanta, Georgia.

6) In its complaint, Jovani mentions the names of several business entitites in Puerto Rico. These business entities are the same businesses that plaintiff sold its dresses to in violation of the exclusive distributorship agreement with Carana, Inc.

7) During the period of the relationship with the plaintiff, we wrote letters to third parties advising them that CARANA was Jovani's exclusive distributors in Puerto Rico and that the had no right to be selling the exclusive merchandise in the territory. As of more recently, our attorneys sent cease and desist letters in order to stop that practice.

8) That our attorneys have advised me that under Puerto Rico law, once an exclusive distributorship is created, it can only be terminated by just cause. 10 P.R. Laws Ann. §278a, et seq. Plaintiff did not terminate the exclusive relationship according to the applicable law.

9) Carana, Inc was never notified by Jovani that it had illegally and unilaterally terminated their contract; consequently, plaintiff terminated said agreement without just cause.

2

10) Moreover, the tort actions that the plaintiff alleges in its complaint, if any, took place within the Commonwealth of Puerto Rico, to which the local law of the Puerto Rico applies

11) The contract between the Carana and Jovani was entered into and performed in San Juan, Puerto Rico and Atlanta, Georgia.

12) All the witnesses from the various business entities to which Jovani sold dresses to in violation of the contract are located in Puerto Rico.

13) I have personal knowledge of the facts and circumstances stated above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 6th day of May, 2008.

AÑA RIVERA

W:\WDOX\CLIENTS\CARANA\86020002\KCS5990 DOC

3

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

CARANA, INC. d/b/a CARMEN
CHIRINO BOUTIQUE

*Plaintiff,*

v.

JOVANI FASHIONS, LTD., ABRAHAM
MASLAVI and JANE DOE, his wife, the
Conjugal Partnership composed by them;
JOHN DOE, XYZ INSURANCE
COMPANY, and ABC CORPORATION,

*Defendants.*

Civil No. 07 - 2230(JAF)

Law 75 (10 P.R. Laws Ann. §278a
Et seq.), Law 21 (10 P.R. Laws
Ann. §279a Et seq.), Article 1802 of
the Civil Code

Plaintiff Demands Trial by Jury

RECEIVED & FILED
2007 DEC 26   PM 3: 44
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

## COMPLAINT

TO THE HONORABLE COURT:

PLAINTIFF, CARANA, INC. ("Carana"), through its attorneys, as and for

its complaint against the defendants herein, respectfully STATES, ALLEGES and

PRAYS:

## INTRODUCTION

This is a complaint seeking damages caused by the defendants arising

from an unjust termination of a distribution relationship/agreement governed

by Puerto Rico Law 75 (10 P.R. Laws Ann. §278a Et seq.)

## JURISDICTION AND VENUE

1)    Plaintiff, Carana, Inc. doing business as Carmen Chirino Boutique, is a domestic corporation organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in San Juan, Puerto Rico, and has been engaged in the business of selling high end clothing and dresses to the public in general within the Commonwealth of Puerto Rico for the last forty (40) years.

2)    Defendant Jovani Fashions, Ltd. ("Jovani") is a company organized under the laws of the State of New York, with its principal place of business located at 1370 Broadway, New York, New York 10018, and is in the business of manufacturing women's formalwear, suits, dresses, and other high end fashion.

3)    Abraham Mislavi, is the President of Jovani Fashions, Ltd. and is sued both, in his official and personal capacity; he is a citizen of a state other than the Commonwealth of Puerto Rico.

4)    John Doe, Jane Doe, XYZ Insurance Company and ABC Corporation are all other natural or juridical persons who may also be responsible for the claims included herein and who are citizens of a state other than the Commonwealth of Puerto Rico.

5)    This Honorable Court has jurisdiction over the parties and the subject matter of this complaint pursuant to the diversity jurisdiction provision of 28 USCA § 1332 because the parties are citizens from diverse states.

2

6)      This district is the proper venue pursuant to 28 USCA §1391(a), since a substantial part of the events or omissions giving rise to the claim herein arose in this District and the defendants are subject to the personal jurisdiction of this Court.

7)      Plaintiff also alleges supplemental causes of action under the laws of the Commonwealth of Puerto Rico, as claims so related to other issues in the action that they form part of the same case or controversy, and over which this Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1367.

## FACTS PERTAINING TO THE DISTRIBUTION RELATIONSHIP

8)      On or about 1993 Carana commenced purchasing merchandise from the defendant Jovani in the continental United States to sell it in Puerto Rico. Sometime during the year 1997, Carana and Jovani, agreed to an exclusive distribution relationship by which Carana acquired the right to distribute Jovani dresses on an exclusive basis in the territory comprised of the commonwealth of Puerto Rico.

9)      In the course of performance between the parties during the last ten (10) years, Carana has performed the following responsibilities, functions or obligations as an exclusive distributor of the products within Puerto Rico:

      a.  purchase products from Jovani for sale and distribution in Puerto Rico;

      b.  acquire title to the products at the time of delivery;

      c.  assume the risk and expense of insurance, transportation, storage and warehousing of the products;

3

d. carry inventory of the products;

e. invest in promotion or advertising of the products;

f. assume the obligation to invoice and collect for payment from sales of the product in Puerto Rico;

g. distribute and sell the product to customers throughout Puerto Rico;

h. finalize sales contracts with customers; and

i. employ a sales force and promotional support to provide services to the product in the market place.

10)    Since its appointment as an exclusive distributor of the products, Carana has distributed and continues to distribute the products in Puerto Rico with its sales personnel, including but not limited to sales persons, supervisors, sales managers, inventory personnel, giving the product effective coverage in the Puerto Rico market.

11)    Carana has successfully sold, promoted and/or marketed the products in Puerto Rico since its exclusive relationship with Jovani commenced.

12)    Carana's direct contribution from its sales of the products in Puerto Rico is estimated to exceed millions of dollars up to the time of termination of the agreement. However, its total benefits for the last five years exceed $500,000 plus Carana enjoy a goodwill in excess of $100,000. The value of the products actually in inventory is estimated to exceed $125,000. Presently, Carana is paying rent on the space where the inventory is located at a rate of $1,000.00 per month and is also paying property taxes on the inventory at a rate of $600.00 per month.

13)    An exclusive dealer relationship can only be terminated for "just cause" expressly in accordance with Puerto Rico Law 75. The just cause for termination must exist and be communicated before or at the time of the termination.

### FACTS REGARDING JOVANI'S UNJUST TERMINATION

14)    Upon information and belief, at various times since the inception of the exclusive relationship and to this day, defendant has engaged in acts detrimental to the established dealership relationship with Carana, including but not limited to: 1) selling Jovani's line of dresses to Carana's competitors; 2) failing to take affirmative actions to prevent competing distributors in Puerto Rico from interfering with the exclusive rights of Carana to the Jovani line of dresses; 3) failing to negotiate in good faith toward the resolution of contractual disputes; 4) giving no reason for the termination other than pretextual reasons without just cause; 5) raising after-the-fact pretextual excuses for defendant's unilateral termination of the exclusive distribution relationship.

15)    All the above acts are part of the defendants' scheme, subterfuge or plan, in bad faith or in concert with others to appoint another distributor or sell products directly in order to deprive Carana of the valuable distribution rights without just cause.

16)    On December 5, 2006, Jovani and Carana re-confirmed in writing the existence and granting of an exclusive distribution right for Puerto Rico to Carana. See **Exhibit A**, annexed hereto for a copy of the letter.

17)    On or about May 29, 2007, plaintiff became aware that its exclusive line of dresses was being sold at another store in Puerto Rico. On June 7, 2007, counsel for the plaintiff wrote to Carana's Competitor (Images store) that was selling the Jovani dresses requesting that they cease and desist from that practice. See Exhibit B, annexed hereto for a copy of the letter. Images never responded to the letter of June 7th; however, the attorney for Jovani Fashions, Ltd., responded to said letter indicating that the exclusive distribution agreement had been terminated back in May 2007. See Exhibit C, annexed hereto for a copy of the letter.

18)    It was through Jovani's attorney's letter that plaintiff first learned that its exclusive distribution relationship had been terminated.   It was in the Jovani's attorney's letter that pretextual excuses for terminating the exclusive distribution relationship were provided to Carana for the first time, including misinformation about alleged debts that never existed.

19)    Upon further communication with the defendants, Jovani reiterated that it unilaterally terminated their exclusive distribution relationship, but that it was still willing to sell merchandise to Carana on a non-exclusive. Jovani never gave just cause reason to Carana that would justify terminating its exclusive distribution relationship with Jovani after plaintiff had created a viable and lucrative market for the defendants' product line.

20)    Because of the defendants' breach of this exclusive distribution agreement, plaintiff's clients have threatened to file complaints with the

6

Commonwealth of Puerto Rico's Department of Consumer Affairs because of false advertising. Carana's clients became aware that the dresses that are exclusive to the plaintiff were being sold by another entity, thus felt deceived by Carana's advertising relative to its exclusive relationship with Jovani and the exclusivity of the dresses that Carana. sold in Puerto Rico  All this occurring before the termination of the relationship by Jovani.

21)    Defendants' unjust termination of the exclusive distribution agreement or relationship has cause and continues to cause irreparable harm to plaintiff's reputation and goodwill; has caused economic harm, estimated to exceed $500,000, together with any and all costs, disbursements of this action.

### FIRST CAUSE OF ACTION
### JOVANI FASHIONS, LTD., IMPAIRED AND TERMINATED THE AGREEMENT WITHOU JUST CAUSE IN VIOLATION OF PUERTO LAW 75, 10 P.R. LAWS ANN. §278.

22)    Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 through 21, above, with the same force and effect as if fully set forth herein.

23)    Puerto Rico law governs dealerships and the relationship arising therefrom.

24)    Carana qualifies as a dealer under Puerto Rico's Law 75.

25)    Defendants have unilaterally decided to terminate the existing exclusive dealership relationship without just cause in violation of Law 75. Defendant's acts are detrimental to the established relationship as described

above, and have also caused an impairment of the relationship before they terminated it without just cause.

26) Defendants' acts have caused and will continue to cause irreparable harm to Carana's reputation and goodwill, and economic damages, estimated to exceed $500,000, plus costs, expert fees and attorneys' fees as allowed by Puerto Rico law.

## SECOND CAUSE OF ACTION:
## ON THE ALTERNATIVE, JOVANI FASHIONS, LTD. IMPAIRED AND TERMINATED THE AGREEMENT WITHOUT JUST CAUSE IN VIOLATION OF LAW 21, 10 P.R. LAWS ANN. §279

27) Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 through 26, above, with the same force and effect as if fully set forth herein.

28) Puerto Rico law governs dealerships or exclusive sales representation and the relationship arising therefrom.

29) Alternatively, Carana qualifies as an exclusive sales representative under Puerto Rico's Law 21.

30) Upon information and belief, in direct violation of the exclusive sales representative relationship and agreement, and in detriment to Carana's rights under said agreement to distribute products on an exclusive basis in Puerto Rico, Jovani has entered into negotiations with third parties to grant them the right to distribute and sell their products in Puerto Rico or have caused or acquiesced to third parties interfering with Carana's exclusive rights.

31)    Defendants have unilaterally decided to terminate the existing exclusive dealership relationship without just cause in violation of Law 21. Defendant's acts are detrimental to the established relationship as described above, and have also caused an impairment of the relationship before terminating it without just cause.

32)    Defendants' acts have caused and will continue to cause irreparable harm to Carana's reputation and goodwill, and economic damages, estimated to exceed $500,000, plus costs, expert fees and attorneys' fees as allowed by Puerto Rico law.

### THIRD CAUSE OF ACTION:
### JOVANI HAS BREACHED ITS DUTY OF GOOD FAITH AND FAIR DEALING AND THUS IS LIABLE UNDER ARTICLE 1802 OF THE PUERTO RICO CIVIL CODE

33)    Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 through 32, above, with the same force and effect as if fully set forth herein.

34)    Defendants have breached their duty of good faith and fair dealing by refusing to negotiate to resolve any business issues in good faith, by failing to provide adequate pre-termination notice, and by seeking to enforce terms that were never part of their agreement, and that are invalid under Puerto Rico law.

35)    At various times, Carana has contacted Jovani in good faith in an attempt to resolve this matter without having to litigate. However, defendants

failed to seriously negotiate to attempt to resolve the issues forcing the plaintiff to seek counsel and to commence this lawsuit.

36)    Defendants' actions and omissions are a pretext, in bad faith, to unlawfully and intentionally impair and deprive Carana's rights under the agreement.

37)    Defendants' tortious acts have cause and will continue to cause damages to Carana in excess of $500,000.

## FOURTH CAUSE OF ACTION
## TEMERITY

38)    Plaintiff reiterates and re-alleges all factual allegations contained in paragraphs 1 through 37 with the same force and effect as if fully alleged herein.

39)    The Defendants, despite Carana's good faith attempts to resolve their breach of the agreements, have intentionally refused to deal in good faith to resolve the issues raised in this action.

40)    Defendants by their actions have engaged in temerity and obstinacy, despite the fact that they are aware that they have no defense in this case and should have paid according to the terms of the contract.

41)    Consequently, plaintiff is entitled to an award of costs, disbursements and attorneys' fees in this case.

WHEREFORE, plaintiff respectfully requests that this Honorable Court enters judgment against all defendants in an amount of at least $500,000, plus

legal interest from the date of the breach of the agreements; and that the Defendant be ordered to pay all costs, expert fees and attorneys fees of the plaintiff Carana in pursuing this action as a result of the Defendants' temerity.


**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 20th day of December, 2007.

**WILLIAM ESTRELLA LAW OFFICES, PSC**
P.O. Box 9023596
San Juan, Puerto Rico 00902
Tel.: 787-977-5050
Fax.: 787-977-5090


**KENNETH C. SURIA**
USDC-PR BAR NO. 213302
Email: kcsuria@welo.net


**PEDRO A. BARCELÓ**
USDC-PR BAR NO. 222103
Email: pbarcelo@welo.net

W:\WDOX\CLIENTS\CARANA\86020001\KC55487.DOC

⬫JS 44  (Rev. 3/99)                          CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

CARANA, INC., d/b/a CARMEN CHIRINO BOUTIQUE

**DEFENDANTS**

JOVANI FASHIONS, LTD., ET AL

(b) County of Residence of First Listed Plaintiff ___San Juan___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed ___NEW YORK___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
WILLIAM ESTRELLA LAW OFFICES, PSC
150 TETUAN STREET, SAN JUAN, PR 00901
TEL: (787) 977-5050

Attorneys (If Known)

**II. BASIS OF JURISDICTION**  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN**  (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Defendant illegally terminated distribution agreement and/or relationship without just cause, pursuant to 10 L.P.R.A.§278a et seq. and/or 10 L.P.R.A.§279a et seq

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY:**
(See instructions):
JUDGE                              DOCKET NUMBER

DATE
December 20, 2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUN_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

AO 458 (Rev. 5/85) Appearance



# United States District Court *for the* District of Puerto Rico

## APPEARANCE

CASE NUMBER:

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for

CARANA, INC., d/b/a CARMEN CHIRINO BOUTIQUE

December 2*6* , 2007
DATE

SIGNATURE

Kenneth C. Suria, Esq.
PRINT NAME

William Estrella Law Offices,PSC
P.O. Box 9023596
ADDRESS

San Juan, Puerto Rico 00902-3596
CITY          STATE     ZIP CODE

(787) 977-5050
PHONE NUMBER



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1.  Title of Case (Name of first party on each side only)

    CARANA, INC., d/b/a CARMEN CHIRINO BOUTIQUE V. JOVANI FASHIONS,LTD.

2.  Category in which case belongs: (See Local Rules)

    _____X_____ ORDINARY CIVIL CASE
    _____ SOCIAL SECURITY
    _____ BANK CASE
    _____ INJUNCTION

3.  Title and number, if any, of related cases (See Local Rules)

    _____
    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this Court?

    ☐ YES        ☒ NO

5.  Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?

    ☐ YES        ☒ NO

6.  Does this case question the constitutionality of a state statute (FRCP 24)?

    ☐ YES        ☒ NO

(Please Print)

USDC ATTORNEY'S ID NO. ___213302_____

ATTORNEY'S NAME:    Kenneth C. Suria

MAILING ADDRESS:    P.O. Box 9023596

                    San Juan, PR        ZIP CODE   00902-3596

TELEPHONE NO.       (787) 977-5050

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| CARANA, INC. d/b/a | * | CIVIL NO. 07-2230 (JAF) |
| CARMEN CHIRINO BOUTIQUE | * | |
| | * | |
| **PLAINTIFF** | * | FOR: |
| | * | |
| v. | * | LAW 75, LAW 21, |
| | * | ARTICLE 1802 OF THE |
| JOVANI FASHIONS, LTD., et.al. | * | CIVIL CODE |
| | * | |
| **DEFENDANTS** | * | |
| | * | |

### ANSWER TO COMPLAINT

**TO THE HONORABLE COURT:**

**NOW COME** Defendants, through their undersigned counsel, and respectfully set forth and pray:

1. Defendants acknowledge that, upon information and belief, CARANA, Inc., d/b/a CARMEN CHIRINO BOUTIQUE (hereinafter referred to as "CARANA") is a corporation organized under the laws of the Commonwealth of Puerto Rico, with principal place of business in San Juan, Puerto Rico. The rest of the Paragraph is denied for lack of information.

2. Paragraph 2 is admitted as to co-defendant Jovani Fashions, Ltd.'s identity and place of business. The rest of the Paragraph is denied as drafted.

3. Paragraph 3 is admitted as to the identity, residence and position of co-defendant Abraham Mislavi's within Jovani Fashions, Ltd. The rest of the paragraph is a conclusion or

1

matter of law, reason for which it does not require a response. In the alternative, it is denied.

4.    Paragraph 4 is denied for lack of information.

5.    Paragraph 5 is a conclusion or matter of law, reason for which it does not require a response.  In the alternative, it is denied.

6.    Paragraph 6 is a conclusion or matter of law, reason for which it does not require a response.  In the alternative, it is denied.

7.    Paragraph 7 is a conclusion or matter of law, reason for which it does not require a response.  In the alternative, it is denied.

8.    Paragraph 8 is denied as drafted.    Defendants acknowledge to have agreed to sell Jovani products to Plaintiff from its offices in New York at the exclusion of other buyers from Puerto Rico.

9.    Paragraph 9 is denied for lack of information.

10.    Paragraph 10 is denied for lack of information.

11.    Paragraph 11 is denied.

12.    Paragraph 12 is denied for lack of information.

13.    Paragraph 13 is a conclusion or matter of law, reason for which it does not require a response.  In the alternative, it is denied.

14.    Paragraph 14 is denied.

15.    Paragraph 15 is denied.

16. Regarding Paragraph 16, Defendants acknowledge to have issued a letter establishing a sales relationship with Plaintiffs at the exclusion of other buyers from Puerto Rico.

17. Paragraph 17 is denied for lack of information as to the date Plaintiff became aware of the sale of Jovani products by other stores. Upon information and belief, it is accepted as to the fact that Carana requested the Images store to cease and desist from selling Jovani products. It is also accepted that Jovani Fashions, Ltd., through its counsel, indicated that the sales agreement had been terminated in May 2007. Plaintiff's description of the agreement as a distribution agreement is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is accepted as to the fact that Plaintiffs were offered to continue selling Jovani products on a non-exclusive basis after termination of the sales agreement. The rest of the paragraph is denied.

20. Paragraph 20 is denied for lack of information.

21. Paragraph 21 is denied.

22. Paragraph 22 does not require a response.

23. Paragraph 23 is a conclusion or matter of law, reason for which it does require a response. In the alternative, it is denied.

24. Paragraph 24 is denied for lack of information.

25.  Paragraph 25 is denied because it is based on the premise that the relationship between Plaintiff and co-defendant Jovani Fashions, Inc. was one of dealership.   In the alternative, the Paragraph is expressly denied.

26.  Paragraph 26 is denied.

27.  Paragraph 27 does not require a response.

28.  Paragraph 28 is denied because it is a conclusion or matter of law, reason for which it does not require a response. In the alternative, it is denied.

29.  Paragraph 29 is denied for lack of information.

30.  As to Paragraph 30, Defendants acknowledge that they have been in conversations with other retail stores in order to sell them Jovani products after termination of the sales agreement.  The rest of the Paragraph is denied.

31.  Paragraph 31 is denied.

32.  Paragraph 32 is denied.

33.  Paragraph 33 does not require a response.

34.  Paragraph 34 is denied.

35.  As to Paragraph 35, Defendants acknowledge that co-defendant Abraham Maslavi had conversations with Plaintiff regarding the sales agreement.   The rest of the Paragraph is denied.

36.  Paragraph 36 is denied.

37.  Paragraph 37 is denied.

38.  Paragraph 38 does not require a response.

39.  Paragraph 39 is denied.

40.  Paragraph 40 is denied.

41.  Paragraph 41 is denied.


**AFFIRMATIVE DEFENSES**

1.  The allegations in the Complaint fail to state a claim upon which relief can be granted in favor of Plaintiff and against the appearing co-defendants, under any federal or state law.

2.  The causes of action raised by Plaintiff against Defendants are not supported by the allegations of the Complaint. Thus, the claims raised by the Plaintiff should be dismissed.  Plaintiff lack of justiciable cause of action under the applicable State and Federal legislation.

3.  Plaintiff filed the present action in an inconvenient venue.

4.  The present action should be transferred to the United States District Court for the Southern District of New York.

5.  Plaintiff is not a "dealer" under the provisions of Law No. 75, dated june 24, 1964, as amended.

6.  Plaintiff is not a "sales representative" under the provisions of Law No. 21, dated December 5, 1990, as amended.

7.   In the alternative that the Honorable Court may find that Plaintiff qualifies as a "dealer" or "sales representative" under the provisions of either Law No. 75 or Law No. 21, the agreement between the parties was not a "dealership agreement" or a "sales representation agreement".

8.   In the alternative that this Honorable Court may find that the agreement between Plaintiff and co-defendant Jovani Fashions, Inc. is a "dealership agreement" or "sales representation agreement", termination of the contract was effected with just cause.

9.   Plaintiff has failed to mitigate damages.

10.  A complaint was filed by co-defendant Jovani Fashions, Inc. in New York State Court against Plaintiff which arose from the same events that gave rise to the present action.

11.  Plaintiff alleged damages are grossly exaggerated.

12.  Any and all damages allegedly suffered by Plaintiff were caused by her own acts and/or omissions and not by Defendants actions and/or omissions.

13.  The remedies requested by the Plaintiff are exaggerated, speculative, unsupported by the allegations, and do not proceed as a matter of law.

14.  Plaintiffs' claims are frivolous and without merit. Thus, Defendants should be awarded attorneys' fees.

15. At all times pertinent to this Complaint, Defendants acted according to the law and applicable regulations.

16. Assuming Plaintiff has suffered any damages; the same do not result from any act or omission by any of the Co-defendants.

17. Plaintiff is estopped by her own acts from claiming damages against Defendants.

18. Plaintiffs have no right to recover any additional remedies and/or attorney's fees.

19. Co-Defendants reserves its right to raise additional affirmative defenses in this case as may be required by the facts emerged in the pending discovery and/or investigation.

20. Plaintiff's Complaint fails to meet the jurisdictional requirements provided under 28 U.S.C. §1332(a) because, even if the Court finds for Plaintiff, the amount in damages in this case would not exceed $75,000.

**WHEREFORE**, Defendants respectfully requests that this Honorable Court dismisses, with prejudice, the above captioned Complaint in its entirety and awarded costs, expenses, attorneys' fees and such other further relief as the Court deems just and appropriate.

7

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 4th day of April 2008.

**MARTINEZ-ALVAREZ, MENENDEZ
CORTADA & LEFRANC ROMERO, P.S.C.**

**/S/ ROBERTO E. LEFRANC MORALES
USDC-PR NO. 210802**
rlefranc@martilaw.com

**/S/ ANA B. CASTRO ÁLVAREZ
USDC-PR NO. 222512**
acastro@martilaw.com

Attorneys for Plaintiffs
Edif. Centro de Seguros, Suite 407
Ave. Ponce de León 701
Santurce, Puerto Rico 00907-3286
Tel. (787) 721-1140 ext. 234
Fax (787) 721-7866

G:\LITIGIO\Jose Serrano\Jovani Fashions\Answer to Complaint.doc



## Jovani

Search by Style #:  GO

Home

Find a Store Near You

Search by Country: Select a Country:   Search by State: Select a State:   Search by Zip Code: [ ] GO

**Collections**

Jovani Evening
Mother of the Bride

Store Name: [ ] GO

Dolce Jovani
Young

Jovani Prom

Cocktail Dresses

Jovani Beyond
Prom

Seperate Tops

New – Homecoming

Suits

Red Carpet

Brides Maids

J Where to Buy

Look – Press

Celebrities in Jovani

Contact Jovani

About Jovani

| Name | Address | City | St | Zip | Phone |
|------|---------|------|----|----|-------|
| KARIM BOUTIQUE | COLON # 300 | AGUADA | PR | 00602 | 7878682640 |
| TOP HAT | CALLE MARGINAL 5151 SANTA ROSA | BAYAMON | PR | 00959 | 7877802030 |
| DE POOL | PLAZA RIO HONDO | BAYAMON | PR | 00961 | 7877845420 |
| SAMIRA'S | BORINQUEN TOWER SHOPPING CENTE | CAPARRA HEIGHTS | PR | 00920 | 7877835981 |
| B.A.P. CARIBE IMPORT | MARGINAL #25 | CAROLINA | PR | 00979 | 7877288720 |
| A & F ENTERPRISES | MARGINAL #25 | CAROLINA | PR | 00979 | 7877288720 |
| MUJER MUJER BOUTIQUE | CALLE 24 R30 URB. VILLA UNIVER | HUMACAO | PR | 00791 | 7878524039 |
| LEATHER & PEARLS | P.O. BOX 9023867 | OLD SAN JUAN | PR | 00902-3867 | 7877248185 |
| CARMEN CHIRINOS | 136 WINSTON CHURCHILL | SAN JUAN | PR | 00926 | 7877645721 |
| CARMEN CHIRINOS | 136 WINSTON CHURCHILL | SAN JUAN | PR | 00926 | 7877645721 |
| ELEONOR | 1310 ASHFORD AVENUE | SAN JUAN | PR | 00907 | 7877253201 |
| DE PUNTA EN BLANCO | GALERIA DEL CONDADO | SAN JUAN | PR | 00907 | 7877231236 |
| VILMA ZERBI | FACCIO BUILDING - 2ND FLOOR | SAN JUAN | PR | 00926 | 7877608080 |

Copyright © 2007 Jovani Fashions Ltd. All Rights Reserved
Show Dates

Check Inventory - Stores Only | Legal Restrictions