# United States District Court
# Southern District of New York

Civ. No. 08-CV-2985 (JES)

---

**JOVANI FASHIONS, LTD.,**

Plaintiff,

v.

**CARANA, INC. d/b/a CARMEN CHIRINO BOUTIQUE, ET AL.,**

Defendants.

---

**MOTION TO DISMISS OR
ON THE ALTERNATIVE, TO TRANSFER VENUE**

---

PLEASE TAKE NOTICE that Defendants in the above-captioned matter, through their undersigned attorneys, hereby move this Honorable Court for an order to dismiss the case for lack of personal jurisdiction or, on the alternative, for an order transferring this case to the United States District Court for the District of Puerto Rico, which will be returnable and orally argued on **September 9, 2008 at 3:00 PM in Courtroom 14C, 500 Pearl Street, New York, NY 10007** before Judge John E. Sprizzo, and respectfully **STATE, ALLEGE** and **PRAY** in support thereof:

1. Defendants move to dismiss the complaint for lack of personal jurisdiction or, on the alternative, to transfer venue of this case to the United States District Court for the District of Puerto Rico, which is the proper venue.

2. This complaint must be dismissed because the defendants do not have minimum contacts with the State of New York. Defendants do not conduct any business in the State of New York since they do not maintain an office in New York, do not solicit business in New York, do not have any bank accounts or other property in New York, do not have a telephone listing and do not have any New York-based employees or agents. Consequently, defendants do not have sufficient contacts with New York for the Honorable Court to exercise jurisdiction over them. Thus, this Honorable Court would have to dismiss this action so as to not offend traditional notions of fair play and substantial justice. *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1110 (2d Cir. 1997); see also, *International Shoe Co. v. Washington*, 326 U.S. 316, 316, 66 S.Ct.154, 90 L.ED. 95 (1945).

3. On the alternative, the case must be transferred to the federal district court in Puerto Rico, pursuant to 28 U.S.C. §1404(a). As the Honorable Court will see below, there are many factors that lead to the conclusion that this case belongs in that forum. For instance:

   a) Substantially all the facts that gave rise to the filing of this action arose in Puerto Rico.

   b) The defendants and its witnesses (expert, party and non-party) are nearly all Puerto Rico residents.

   c) The case involves issues of Puerto Rico law relative to an exclusive distributorship under the Puerto Rico Distributor Act, Law 75 – 10 P.R. Laws Ann §278a et seq., that was terminated without just cause by the defendant.

   d) All records involved in this matter from parties and non-parties are located in Puerto Rico.

   e) During the period of time that the relationship lasted, except on two instances, all purchases were made through third parties (jobbers) located in Atlanta, Georgia, Dallas, Texas, and places other than New York.

   f) Defendant never conducted or solicited business in New York, and all its revenues are derived from Puerto Rico business.

    g) Defendant has no presence in New York.

4. In order to provide the Honorable Court with a better understanding of this case, defendants provide the procedural chronology of this case and an analogous case commenced by defendants against the plaintiff in Puerto Rico. both cases, the one pending in Puerto Rico and the present one. The chronology is as follows:

    a) December 26, 2007 - Carana files an action in the United States District Court for the District of Puerto Rico against Jovani Fashion Ltd. et al., Docket No. 07-civ-2230 (JAF) (herein after referred to as "Jovani"). See Exhibit G to Memorandum of Law

    b) January 18, 2008 - Jovani files a state court action in the Supreme Court for the State of New York, County of New York, against Carana.

    c) January 24, 2008 – Jovani was served with process in the Puerto Rico federal action.

    d) February 28, 2008 – Jovani appears in the Puerto Rico federal action, submitting to its jurisdiction.

    e) March 5, 2008 – Carana and Ana Rivera are served with process in the New York State action.

    f) March 24, 2008 - Carana, as a defendant removes the state court action to the United States District Court for the Southern District of New York.

    g) April 4, 2008 – Jovani answers the complaint in Puerto Rico federal action; Carana answers the complaint in the removed case in the United States District Court for the Southern District of New York. See Exhibit H to Memorandum of Law.

    h) April 24, 2008 – Counsel for the parties in the Puerto Rico federal action meet to conduct Initial Disclosures.

    i) On May 9, 2008 - Carana files a motion to transfer the case in the United States District Court for the Southern District of New York to transfer this case to the United States District Court for the District of Puerto Rico.

    j) On June 3, 2008 - the Honorable District Judge. John Sprizzo holds a pre-motion conference with regard to the above motion to transfer the case, and directs the parties to abide by a briefing schedule.

k) June 11, 2008 - Jovani files a motion to transfer the Puerto Rico federal action to the Southern District of New York.

l) June 13, 2008 – Carana serves defendant with its First Set of Interrogatories, Request for Production of Documents and First Request for Admissions in the Puerto Rico federal action.

m) June 17, 2008 – Carana files its opposition to Jovani's motion to transfer the case to New York.

n) July 10, 2008 – Jovani files motion seeking extension of time to respond to discovery requested by Carana, Inc. in the Puerto Rico matter.  Also, the parties filed a Joint Motion requesting that the discovery deadlines be extended for a period of sixty days.

o) July 16, 2008 – Chief Judge Fuste entered an Order Granting the extension of time to answer interrogatories to 8/12/08.

p) July 21, 2008 – Chief Judge Fuste enters an order granting the motion for extension of discovery deadlines.

5. This chronology together with the fact of the case as pleaded set up the basis for the conclusion that the United States District Court for the District of Puerto Rico is the proper venue, is a more convenient forum in which to hear this matter, and is at a more advanced stage than the case before the Honorable court.  See *Piper Aircraft Co., v. Reyno*, 454 U.S. 235, 254, 102 S.Ct. 252, 70 L.Ed. 2d. 419 (1981).

6. The Defendants hereby refer this Honorable Court to the Memorandum of Law in Support of this Motion together with its exhibits and Statements, filed together with this motion.

7. Defendants will not repeat the arguments and evidence set forth in their Memorandum of Law; however, they reinforce the fact that the acts giving rise to the complaint in this case took place in one venue: Puerto Rico, which is the venue where this case belongs.

**WHEREFORE**, defendants respectfully request that this Honorable Court issues an order dismissing the complaint in its entirety, or on the alternative, transferring of this matter to

the federal district of Puerto Rico, and for such other and further relief as to this Honorable Court may seem just and proper.

**RESPECTFULLY SUBMITTED**, in the city of San Juan, Puerto Rico on this 30th day of July, 2008.

      S/Kenneth C. Suria
      Kenneth C. Suria
      SDNY Bar Code No. KC9944
      ATTORNEY FOR DEFENDANTS
      WILLIAM ESTRELLA LAW OFFICES, PSC
      P. O. Box 9023596
      San Juan, Puerto Rico 00902–3596
      Tel.: 787-977-5050
      Fax: 787-977-5090
      Email: kcsuria@welo.net

## PREMOTION CONFERENCE CERTIFICATE

The undersigned counsel certifies that on June 3, 2008, the attorneys for the parties, Daniel Spitalnic, Esq. and Suzanne Halbardier, Esq. participated in a pre-motion conference held by Hon John E. Sprizzo in his courtroom, in compliance with the Judge's Individual Rules of Practice. At said pre-motion conference, defendants were granted leave to re-file their motion to transfer venue by July 31, 2008, plaintiff was granted until August 31, 2008 to file its opposition and oral argument was set for September 9, 2008 at 3:00 PM. (See Docket No. 7)

      S/Kenneth C. Suria
      Kenneth C. Suria
      SDNY Bar Code No. KC9944
      Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel F. Spitalnik, Esq., dspitalnic@spitalniclaw.com.

In San Juan, Puerto Rico, this 30th day of July, 2008.

                      S/Kenneth C. Suria
                      Kenneth C. Suria
                      SDNY Bar Code No. KC9944
                      ATTORNEY FOR DEFENDANTS
                      WILLIAM ESTRELLA LAW OFFICES, PSC
                      P. O. Box 9023596
                      San Juan, Puerto Rico 00902–3596
                      Tel.: 787-977-5050
                      Fax:  787-977-5090
                      Email: kcsuria@welo.net

W:\WDOX\CLIENTS\CARANA\86020002\KCS6107.DOCX