# United States District Court
# Southern District of New York

**Civ. No. 08-CV-2985 (JES)**

---

**JOVANI FASHIONS, LTD.,**

**Plaintiff,**

**v.**

**CARANA, INC. d/b/a CARMEN CHIRINO BOUTIQUE, ET AL.,**

**Defendants.**

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR ON THE ALTERNATIVE, TO TRANSFER VENUE

---

Defendants in the above-captioned matter, through its undersigned attorney, as and for its Memorandum of Law in support of their motion to dismiss the case for lack of personal jurisdiction or, on the alternative, for an order transferring this case to the United States District Court for the District of Puerto Rico, respectfully submit the following:

**Relevant Facts of the Case**

1.     On or about 1993 Carana commenced a relationship with Jovani whereby it purchased merchandise through jobbers in the continental United States to sell in Puerto Rico.  Sometime during the year 1997, Carana and Jovani, agreed to an exclusive distribution relationship by which Carana acquired the right to distribute Jovani dresses on an exclusive basis in the territory comprised of the commonwealth of Puerto Rico.

2.    In the course of performance between the parties during the last ten (10) years, Carana has performed the following responsibilities, functions or obligations as an exclusive distributor of the products within Puerto Rico:

a)  purchased products from Jovani through jobbers for sale and distribution in Puerto Rico;

b)  acquired title to the products at the time of delivery in Puerto Rico;

c)  assumed the risk and expense of insurance, transportation, storage and warehousing of the products;

d)  carried inventory of the products;

e)  invested in promotion or advertising of the products;

f)  assumed the obligation to invoice and collect for payment from sales of the product in Puerto Rico;

g)  distributed and sold the product to customers throughout Puerto Rico;

h)  finalized sales contracts with customers; and

i)  employed a sales force and promotional support to provide services to the product in the market place.

3.    Under Puerto Rico law, an exclusive dealer relationship can only be terminated for "just cause." See Puerto Rico Law 75, 10 P.R. Laws Ann. §278a Et seq. Just cause for termination of an exclusive dealer must exist and be communicated before or at the time of the termination. *Vulcan Tools v. Makita U.S.A., Inc.*, 23 F.3d 564, 568 (1st Cir. 1994); *Pan American Computer Corp. v. Data General Corp.*, 562 F. Supp. 693 (D.P.R. 1983)

4.    Since its appointment as an exclusive distributor of the products, Carana has distributed Jovani's dresses in Puerto Rico with its sales personnel, including but not limited to sales persons, supervisors, sales managers, inventory personnel, giving Jovani

dresses effective coverage in the Puerto Rico market.  Thus, Carana successfully sold, promoted and/or marketed Jovani dresses in Puerto Rico since its exclusive relationship with Jovani commenced.

5.     Upon information and belief, at various times since the inception of the exclusive relationship and to this day, plaintiff engaged in acts that were detrimental and impaired the established dealership relationship with Carana, including but not limited to: 1) selling Jovani's line of dresses to Carana's competitors; 2) failing to take affirmative action to prevent competing distributors in Puerto Rico from interfering with the exclusive rights of Carana to the Jovani line of dresses; 3) failing to negotiate in good faith toward the resolution of contractual dispute after terminating the relationship; 4) failing to provide just cause reason for the termination other than pre-textual reasons; 5) raising after-the-fact pre-textual excuses for plaintiff's unilateral termination of the exclusive distribution relationship, among others.  All these actions were part of the plaintiff's bad faith scheme, subterfuge or plan, in concert with others to appoint other distributors and/or sell products directly in order to deprive Carana of the valuable distribution rights acquired and the market share that it created for Jovani, without just cause.

6.     On December 5, 2006, Jovani re-confirmed in writing the existence and granting of an exclusive distribution right for Puerto Rico to Carana. See **Exhibit A**, annexed hereto for a copy of the letter.

7.     Before its unilateral termination, defendant became aware that its exclusive line of dresses was being sold again at other stores in Puerto Rico.  On June 7, 2007, counsel for the defendant wrote to Carana's competitor, Images, Inc. store, which

was selling the Jovani dresses, requesting that they cease and desist from that practice. Although Images, Inc. never responded to the letter of June 7, 2000, the attorney for Jovani Fashions, Ltd. responded on their behalf by letter dated June 15, 2007.  In said letter, he indicated that the exclusive distribution agreement had been unilaterally terminated back in May 2007.  This is the first notice that Carana received indicating that the distributorship had been unilaterally terminated.  See **Exhibit B**, annexed hereto for a copy of the letter.  Jovani's attorney's letter contained pretextual excuses for terminating the exclusive distribution relationship that had never before been communicated to Carana.  It also included misinformation about alleged debts that do not exist.

8.      Upon further communication with the plaintiff, Jovani reiterated that it unilaterally terminated their exclusive distribution relationship, but that it was still willing to sell merchandise to Carana on a non-exclusive basis.  Jovani never gave just cause to Carana that would justify terminating its exclusive distribution relationship with Jovani after plaintiff had created a viable and lucrative market for the defendants' product line.

9.      Because of the plaintiff's breach of this exclusive distribution agreement, defendants' clients have threatened to file complaints with the Commonwealth of Puerto Rico's Department of Consumer Affairs because of false advertising.  Carana's clients became aware that Jovani dresses that are exclusive to the defendant were being sold by other entities, thus felt deceived by Carana's advertising relative to its exclusivity of its relationship with Jovani and its exclusivity of Jovani dresses that Carana sold in Puerto Rico.  All this occurring before the termination of the relationship by Jovani.

10. Plaintiff's unjust termination of the exclusive distribution agreement and/or relationship has caused and continues to cause irreparable harm to plaintiff's reputation and goodwill, and has caused economic harm.

11. A reading of the plaintiff's complaint in this case shows that except for the party witnesses of the plaintiff, the vast majority of the non-party witnesses are located in the Commonwealth of Puerto Rico. It also shows that all stores to which defendants sold merchandise to impairing the exclusive distributorship rights of the defendant are located in Puerto Rico – Images, Eleonor, Karim Boutique, Katiom, Top Hat and others (See **Exhibit C** for copy of plaintiff's web page listing of all sellers of Jovani dresses in Puerto Rico)[1]. Plaintiff's complaint also shows that all actions that the plaintiff complains of the defendants **occurred within the judicial district of Puerto Rico**. Consequently, besides New York not having jurisdiction over the defendants, Puerto Rico is a more proper and convenient venue in which to litigate this matter because of the allegations contained in the plaintiff's complaint. The actions that are alleged against the defendants all took place in Puerto Rico[2]. And, because the plaintiff used defendant to launch its dresses into the Puerto Rico market, the loss of business that is claims took place in Puerto Rico; consequently, his loss occurred at and affected its Puerto Rico business.

12. Moreover, contrary to plaintiff's assertions, except for two separate instances, during their fifteen-year relationship, Carana made its purchases outside of New York, and in those two occasions the merchandise was sent to Puerto Rico; Carana did not transact or solicit business in New York. Most of Carana's purchases of Jovani dresses were made in other states, including the State of Georgia and Texas, through third parties.

---

[1] See paragraph 11 of the plaintiff's complaint.

Once the orders where placed, the distributor, agent or seller would then place the orders with Jovani who would then ship the merchandise to Puerto Rico. Defendant, as exclusive distributor of Jovani, made the vast majority of the purchases through an intermediary known as Michelle Harris and Associates in Atlanta, Georgia; and the others, in states other than New York. These were purchases that were made for the benefit of Jovani. See Ana Rivera Statement Under Penalty of Perjury annexed hereto.

### Standard of Review

### Rule 12(b) (2) Legal Standard

It is important to note that federal district courts are courts of limited jurisdiction in which judges must be careful in exercising its jurisdiction. In any case, it is the plaintiff who bears the burden of establishing a prima facie case that there is jurisdiction. _Huffritz for Cutlery, Inc. v. Amajac, Ltd._, 763 F.2d 55, 57 (2d Cir. 1985), _Fort Knox Music, Inc., et al. v. Phillip Batiste_, 139 F. Supp.2d 505 (S.D.N.Y. 2001). IN this case jurisdiction is premised upon diversity jurisdiction. In this regard, a corporate defendant is deemed to be a citizen of the state in which it is incorporated and where its principal place of business is located. 28 U.S.C. §1332(C)(1), See _Pinnacle Consultants, Ltd., v. Leucardia Nat'l Corp._, 101 F.3d 900, 906 (2d Cir. 1996). The allegations of citizenship of both corporate and individual parties must be apparent from the face of the pleadings. _Leveraged Leasing Corp. v. Pacific Capital, Inc._, 87 F.3d 44, 47 (2d. Cir. 1996). The reason for requiring that the allegations state the state of incorporation as well as the principal place of business of the corporation is precisely to avoid that the court

---

[2] See plaintiff's complaint paragraphs 12, 19, - 21 and 24 -28.

erroneously exercise jurisdiction where there is none.  See *John Birch Soc'y v. National Broadcasting Co.*, 377 F.2d 194, 197 (2d Cir. 1967).

Similarly, in establishing jurisdiction in a diversity case, it is for the plaintiff to establish that the due process clause requirements have been met by establishing that defendants have minimum contacts with the forum state and that haling defendant into that forum is reasonable.  *International Shoe Co. v. Washington*, supra at p. 316.  In this regard, plaintiff must establish purposeful availment by the defendants in the forum; that the claim arises from out of forum-related activities; and whether the purposeful availment is reasonable.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed. 2d 528 (1985).  In this regard, the Second Circuit has summarized the due process requirements in the case of *Chew v. Dietrich*, 143 F.3d 24, 28 (2d Cir. 1998)  as follow:

> The due process clause of the Fourteenth Amendment permits a state to exercise personal **jurisdiction** over a non-resident defendant with whom it has certain **minimum contacts** such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. In determining whether **minimum contacts** exist, the court considers the relationship among the defendant, the forum, and the litigation. To establish the **minimum contacts** necessary to justify specific **jurisdiction** the plaintiff first must show that his claim arises out of or arises out of or relates to defendant's **contacts** with the forum state. The plaintiff must also show that the defendant purposefully availed himself of the privilege of doing business in the forum state and that the defendant could foresee being haled into court there. If the plaintiff satisfies these requirements, the court also considers whether the assertion of **jurisdiction** comports with traditional notions of fair play and substantial justice -- that is, whether it is reasonable under the circumstances of a particular case.
>
> After plaintiff has established the requisite **minimum contacts** between the defendant and the forum state, a five-factor test to determine reasonableness of the assertion of personal **jurisdiction** must be applied. See Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 112, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987). These factors are: (1) the burden that the exercise of the **jurisdiction** will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's

> interest in obtaining convenient and effective relief; (4) the most efficient resolution of the controversy; and (5) the interests of the state in furthering substantive social policies. See Asahi, 480 U.S. at 112; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985).

See also, _Nuevo Mundo Holdings v. Price Waterhouse Coopers LLP_, 2004 U.S. Dist. LEXIS 24900, at 17-18 (S.D.N.Y. 2004).

### 28  U.S.C. §1404(a) Legal Standard

With regard to a transfer of venue under 28 U.S.C. §1404(a) the granting or denying a motion to transfer venue lies within the sole discretion of the district court according to an individualized case-by-case consideration of convenience and fairness. _Stewart Organization, Inc. v. Ricoh Corp._, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed. 2d 22 (1988); _Coady v. Ashcraft & Gerel_, 223 F.3d 1, 11 (1st Cir. 2000); _Cianbro Corp.  v. Curran-Lavoie_, 814 F.2d 7, 11 (1st Cir. 1987).

13. The burden of proof lies on the party requesting the transfer, who must prove that the factors that the court must consider predominate in support of the transfer.  See _Coady_, supra. This is because there is a strong presumption in favor of the plaintiff's choice of forum.  See _Gulf Oil Corp. v. Gilbert_, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

### Memorandum of Law

Before a federal district court may hear a case, three requirements must be satisfied.  First, the court must have personal jurisdiction over the persons involved in the claim.  Second, as federal courts are courts of limited jurisdiction, it must have subject

matter jurisdiction. Finally, the venue must be proper. Carana claims that the Honorable Court does not have personal jurisdiction over the defendant, and that the venue is not proper.

### a.  Dismissal for lack of Personal Jurisdiction.

In order for a trial court to exert personal jurisdiction over a defendant, it must satisfy the due process requirements of the 5th and 14th Amendments to the Constitution of the United States <u>as to each defendant</u>. <u>Rush v. Savchuk</u>, 444 U.S. 320, 332, 100 S.Ct. 571, 63 L.Ed. 2d 516 (1980). For jurisdiction over a defendant to be constitutional, that defendant must be found to have minimum contacts with the state, of such quality and nature so as to not offend traditional notions of fair play and substantial justice. <u>International Shoe</u>, supra.

In this case, the defendants are three – Carana, Inc., Ana Rivera and Mary Rivera – that plaintiff seeks the court to exercise its jurisdiction over. However, as the Honorable Court will see, the defendants do not have sufficient contacts with New York to establish general or specific jurisdiction over them.

The first co-defendant to be discussed is Mary Rivera. This co-defendant is not an officer director or employee of the defendant Carana, as the plaintiff alleges in paragraph 4 and 5. She is a citizen and a resident of the Commonwealth of Puerto Rico and does not live, reside, owns property, works or otherwise has any contacts with the State of New York. Consequently, this Honorable Court does not have personal jurisdiction over this co-defendant since she does not have minimum contacts with the forum state. See **Mary Rivera's Statement under Penalty of Perjury**, annexed hereto.

The second co-defendant to be discussed is Ana Rivera.  See **Ana Rivera's Statement under Penalty of Perjury**, annexed hereto.  Ana Rivera is part owner of Carana, which it's her employer.  Nevertheless, Ana Rivera is a citizen and resident of the Commonwealth of Puerto Rico, and is employed by Carana, Inc., a Puerto Rico corporation that has its principal and only place of business in Puerto Rico.  Ana Rivera has no personal property in New York and no personal bank accounts there either. The allegations in the complaint fail to create a cause of action against this defendant in her personal capacity, but only as an owner of Carana.  In her individual capacity, there is no allegation that would be conducive to find either general or specific jurisdiction over this defendant.  Consequently, there is no basis for jurisdiction over this defendant individually since she does not have minimum contacts with the forum state.

The last defendant that we discuss is Carana, Inc., a corporation formed pursuant to and under the laws of the Commonwealth of Puerto Rico, with its principal and sole place of business located at Winston Churchill Avenue in San Juan, Puerto Rico.   This defendant also lacks minimum contacts with the State of New York and consequently, this court does not have personal jurisdiction over it.

In order to have personal jurisdiction over a defendant, a court must establish that the due process requirements have been satisfied before it can exert jurisdiction over a defendant.  The due process analysis is a two step process: (a) must look at the law of the forum state to determine whether the exercise of personal jurisdiction is appropriate under the minimum contacts requirement; and (b) determine whether asserting jurisdiction over the defendant complies with the traditional notions of fair play and substantial justice.  This latter analysis is similar to that of the weighing of the private and

public interest discussed below.  See *Fort Knox Music, Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000); *Royal Sunalliance Insurance Co., et al v. Resolve Towing & Salvage Co., Inc.*, 2000 U.S. DIST. LEXIS 17575 (S.D.N.Y. 2000).

The complaint in this case has no allegation on whether the defendants are subject to either general or specific jurisdiction[3].  Given the fact that Carana has no ties to New York, the court cannot assert general jurisdiction over it.  This particular defendant does not conduct any business in the State of New York; does not maintain an office in New York; does not solicit business in New York; does not have any bank accounts or other property in New York; does not have a telephone listing; and they do not have any New York-based employees or agents.  Thus, Carana has no general business contacts with New York that could satisfy the minimum contact analysis that could give rise to exercising general jurisdiction over this defendant.  The long-arm jurisdiction over this defendant in the context of general jurisdiction does not exist, and as such the case should be dismissed.

Once a determination that general jurisdiction does not apply, this Honorable Court must then consider whether by applying a specific jurisdiction analysis it could hale Carana to New York to defend this lawsuit.  Defendants respectfully submit that it cannot.  In light of the above, we will assume that the only allegation that would allow the Honorable Court to exert personal jurisdiction would be specific jurisdiction. See *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir 1996).

---

[3] The Second Circuit defined these concepts in the case of *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir 1996):

> "**Specific jurisdiction** exists when a State exercises persona jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum; a court's **general jurisdiction** is based on the defendant's general business contacts with the forum state and permits the court to

When asserting specific jurisdiction, the causes of action have to derive from the specific acts that provide the forum state with minimum contacts to exert jurisdiction.  In this case, the plaintiff claims that the contract was entered into in New York, but this is contested since defendant's representative has been in New York on only two occasions. The agreement itself had been oral, until the relationship was confirmed in writing by **Exhibit A**, above, so that no one on behalf of Carana came to New York to sign any agreement.  The relationship between the plaintiff and the defendant arose for the benefit of the plaintiff.  Carana has never purposefully availed itself of the privilege of doing business within the State of New York.  _Fort Knox Music, Inc._, supra at 196.  As a matter of fact, the purpose of the agreement with the plaintiff was not to "project itself into the New York market"; quite the opposite is true.  The purpose of the agreement was to project Jovani dresses into the Puerto Rico market, and this was accomplished.

Assuming *arguendo* that there is a finding of minimum contacts, which we deny exist, we must consider the next step of the reasonableness analysis.  If we take the five reasonableness factors that have to be considered in this case, we can also see that they strongly favor the defendant Carana.  The reasonableness analysis factors are: 1) the burden that the exercise of the jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the most efficient resolution of the controversy; and (5) the interests of the state in furthering substantive social policies.  _Metropolitan Life Inc. Co. v. Robertson-Ceco Corp., et al._, 84 F.3d 560, 573-575 (2d Cir. 1996).

---

exercise its power in a case where the subject matter of the suit is unrelated to those contacts." (emphasis ours)

With regard to the first factor, the burden that the exercise of the jurisdiction will impose on the defendant, this factor favors defendant Carana. This is a defendant that has no significant minimum contacts, if any, with the forum state. Significantly, all its witnesses (seven nonparty witnesses, including its expert witness Mr. Felix N. Roman, CPA) are in Puerto Rico. All its books and records, as well as those of the nonparty witnesses are also in Puerto Rico. According to the complaint, on the party witnesses reside in New York, and the non party witnesses relative to different businesses are in Puerto Rico. Carana does not have the financial resources to pay for the travel, meals and lodging of all these witnesses.

With regard to the second factor, the interests of the forum state in adjudicating the case, this factor favors defendant Carana. Puerto Rico's interest is more significant than that of the forum state, New York's. The tortious conduct alleged in the complaint all arose in Puerto Rico. The facts of the case lead to the application of the Puerto Rico distributor's law because of the relationship between the parties. The substantial majority, it no not all, of the discovery will have to be conducted in Puerto Rico. The public policy of reaching consistent result in the interpretation of applicable law provides Puerto Rico the edge in this factor.

With regard to the third factor, the plaintiff's interest in obtaining convenient and effective relief, this factor favors defendant Carana. The most convenient and effective and complete relief will be obtained in Puerto Rico. If we look at the chronology of the actions, there is a lack of good faith in the plaintiff's actions leading to the filing of the complaint. Clearly, there is no interest in obtaining a convenient and efficient relief in this case. Defendant filed its action first and it was not until Jovani was served with

process in the Puerto Rico case that they decided to serve Carana with process in this case.  Carana has not identified any witnesses in New York[4], and all documents that it needs to establish its defense are located in Puerto Rico; so there is no efficiency accomplished by haling Carana to New York to defend itself.  Since most to the discovery will have to be done in Puerto Rico, because of the allegations of the loss of sales to other businesses in Puerto Rico while Carana was its distributor, it stands to reason that the more effective relief and the most convenient will be in Puerto Rico, where the court calendar is not as congested as in Southern District of New York.

With regard to the fourth factor, the most efficient resolution of the controversy, this factor also favors defendant Carana.  Plaintiff has already submitted to the jurisdiction of the District Court of Puerto Rico, and the case is more advanced than the New York case. The locus of the facts surrounding this controversy is Puerto Rico; therefore, the most efficient resolution of this case would be in Puerto Rico.

With regard to the last factor, the interests of the state in furthering substantive social policies, this factor also favors defendant Carana.  We most respectfully submit that New York has no interest in applying its substantive policies to defendants that have no minimum contact with New York, have not purposefully availed themselves of the protections of the laws of the state of New York, and literally derive NO REVENUE from the state of New York. Clearly, the forum with the most interest in furthering its social policies is Puerto Rico.  Consequently, since New York had no substantive interest

---

[4] Nonparty witnesses – Mrs. Yesenia Negron Ojeda, Ms. María Luisa Sánchez and Ms. Karem Díaz who will testify about how they saw dresses that were supposedly exclusive to the plaintiff in other stores, such as Images, Inc. (in Plaza Las Americas and in Rio Hondo), Eleonor Boutique, Inc. and D'Royal Bride. Other nonparty witnesses in the Initial Disclosures in the Puerto Rico federal action include Alex Diaz, Mr. Jose De Paul of Images, Felicita García of Mujer Mujer Boutique and Emilia Betances from Eleaonor, Inc who will, upon information and belief, testify about how Jovani sold dresses to them during the period of time that Carana was Jovani's exclusive distributor in Puerto Rico.

in this case since defendants do not have the required minimum contacts to satisfy the constitutional due process requirements to hale defendants into this forum, the case should be dismissed.

### b.  Alternatively, Transfer Venue to U.S.D.C. – D.P.R.

The United States District of Puerto Rico is the district in which this action should have been brought.  It is a more proper forum for this action, and it already has subject matter jurisdiction and personal jurisdiction over the parties.  See *Hoffman v. Blaski*, 363 U.S. 335, 343-344, 80 S.Ct. 1084, 4 L.Ed. 2d 1254 (1960).

In considering transferring cases because of forum non conveniens or improper venue, courts have to consider several factors in conducting the convenience analysis.  First, courts must determine whether the action could have been properly brought in the other venue.  Second, the convenience and fairness analysis must be done in order to arrive at a determination of the propriety of transferring the case.  The convenience analysis entails studying factors that show that the other venue is proper or adequate and that convenience and judicial efficiency strongly favors litigating the claim in the other forum.  *Mercier v. Sheraton Int'l., Inc.*, 935 F.2d 419, 423 (1st Cir. 1991); *Senador Int'l, Inc. v. King Bros. Indus.*, 181 F.Supp.2d 51, 52 (D.P.R. 2002).  It is most respectfully submitted that the defendants make that showing here.

The following factors should be considered in the convenience analysis; and although the list below is not exhaustive, in the present case, these factors weigh heavily in favor of the case being transferred to the District of Puerto Rico.  These factors are examined as private interest factors and public interest factors.  Initially the private

interest factors include:  (1) the parties' forum preferences; (2) where the claim arose; (3)convenience of the parties as indicated by their relative physical and financial condition; (4) the convenience of witnesses, including any potential travel burden or witness unavailability; and (5) location of documentary and demonstrative evidence.  On the other hand, the public interest factors include: (6) whether the judgment will be enforceable; (7) practical considerations that could make trial simple, expeditious, or inexpensive, as well as the state of the dockets in the available venues; (8) the chosen forum's interest in deciding issues of local concern; (9) the public policies of each district; and (10) the relative familiarity of the district judges with the applicable substantive law. See 17 Moore's Federal Practice, §111.12 (Matthew Bender 3d Ed.). Upon an analysis of each of these factors, it is respectfully submitted that the factors tilt the balance in favor of the District of Puerto Rico.

### *Private Interest Factors*

With regard to the **first factor**, "the parties' forum preferences", plaintiff forum of preference is Southern District of New York as it is the forum that it selected to litigate the case.  This district, however, is not where the defendant, its witnesses (party and non-party), documents and expert witnesses are located.  For instance, Carana, Inc. does not have an office in New York.  It does not have an agent, representative or employee within the State of New York.  Carana is a Puerto Rico corporation that has its principal and only place of business in San Juan, Puerto Rico.

Co defendant Mary Rivera is a resident of Puerto Rico and is not an officer, director or employee of defendant Carana, Inc.  Ms. Mary Rivera is the sister of Ana

Rivera, but has nothing to do with the business; more importantly, she works in Puerto Rico and has no contacts with New York. Ana Rivera is one of the owners of Carana. However, in like fashion, she is a resident of Puerto Rico and works in Puerto Rico; she has no contacts with the State of New York. See **Statement Under Penalty of Perjury**, annexed hereto. Therefore, New York is not where the actions giving rise to plaintiff's complaint arose. It is clear that the burden of proof rests with the party seeking transfer of a case since there is a strong presumption in favor of the plaintiff's choice of forum. See _Gulf Oil Corp. v. Gilbert_, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). It is respectfully submitted that the defendants in this case have met this high burden of showing why this case must be transferred to Puerto Rico.

With regard to the **second factor**, "where the claim arose[5]", without a doubt the claim arose within the District of Puerto Rico. According to the pleadings, all acts alleged in support of the causes of action occurred within the District of Puerto Rico, including placing orders, receiving the merchandise, maintaining and managing the inventory, marketing the product, setting the price, etc. These also include the allegations relative to third parties who sold the plaintiff's merchandise in Puerto Rico impairing the Carana's rights as an exclusive distributor. These are the same third parties who received cease and desist letters from counsel for the defense seeking to stop the illegal activity taking place at the time. Therefore, this factor leans heavily toward transferring the case.

---

[5] § 1391. Venue generally

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) **a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated**, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the

The factual circumstances that led to the termination of the distribution relationship and agreement without just cause involve facts that make a substantial part, if not all, of the events giving rise to the claim occurred in Puerto Rico.  See, *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 41-43 (1st Cir. 2000)

As to the **third and the fourth factors**, they will be discussed jointly.  Clearly, the plaintiff's party witnesses are physically present in New York, but that is where it this case's relationship with New York ends.  The defendants' non-party witnesses include Carana's clients and the owners of the shops that sold Jovani dresses in violation of the exclusive distributorship agreement.  These all reside in Puerto Rico.  Should the case stay in New York, there is a strong probability that there will be important witnesses unavailable for trial because of the huge burden of traveling to New York for discovery and trial.  The air travel fares have increase dramatically during the past year, and major airlines have cut back direct flights from San Juan to New York.  In this regard, it is important to note that the defendant's business is miniscule in comparison to that of the defendants, and having to pay for all the witnesses to attend trial and pursue discovery will create an oppressive expense on the front store business.  Also, these witnesses are not within the 100-mile bulge if the case were to stay in the Southern District of New York as they are residents of Puerto Rico, and beyond the subpoena power of this court. See **Exhibit D** for a copy of the Carana's Initial Disclosures' list of witnesses and their respective addresses in the Puerto Rico federal case, which will be relied upon in this case.   In addition to those witnesses, Carana included three additional non-party witnesses to that Initial Disclosures lists via letter dated June 13, 2008.  See **Exhibit E** for

---

action is commenced, if there is no district in which the action may otherwise be brought.  28 U.S.C.

a copy of the letter.  These three additional witnesses – Mrs. Yesenia Negron Ojeda, Ms. María Luisa Sánchez and Ms. Karem Díaz all gave statements[6] indicating that they will testify about how they saw dresses that were supposedly exclusive to the plaintiff in other stores, such as Images, Inc. (in Plaza Las Americas and in Rio Hondo), Eleonor Boutique, Inc. and D'Royal Bride.  Similarly, the witnesses in the Initial Disclosures in the Puerto Rico federal action include the owners of Carana, but also include Mr. Jose De Paul of Images, Felicita García of Mujer Mujer Boutique and Emilia Betances from Eleaonor, Inc who will, upon information and belief, testify about how Jovani sold dresses to them during the period of time that Carana was Jovani's exclusive distributor in Puerto Rico.

On the other hand, the Jovani, to our knowledge will probably have two party witnesses, which carry little or no weight in the convenience analysis.  The witnesses that Jovani referred to are not mentioned in any papers[7]; however, the only witness that plaintiff was verbally informed of is plaintiff's principal Mr. Abraham Mislavi.  The second possible witness may be someone from the accounting department; no name has been provided; however, both witnesses are Jovani's employees.  Defendants respectfully submit that these two factors tip the balance in favor of transferring the case to the District of Puerto Rico.

With regard to the **fifth factor**, location of documentary and demonstrative evidence, most documentary evidence is located in Puerto Rico.  Besides the

---

§1391.

[6] Please refer to **Exhibit F** for a copy of these statements and see also the Statements under Penalty of Perjury of Yesenia Negron Ojeda and Maria Luisa Sanchez.

[7] Since plaintiff has not received defendants' Initial Disclosures to date, this representation is made based on counsel's statement at the Fed. R. Civ. P. 26(f) attorneys' meeting held on April 24, 2008.

documentary evidence from the defendants, which is located in Puerto Rico, there will be documentary evidence from non-party witnesses that is also located in Puerto Rico. In this regard, defendants will seek obtain purchase orders, payment records, shipping records and sales records of the Jovani dresses that the other stores that sold Jovani in Puerto Rico in order to prove impairment by Jovani of the distribution relationship. The stores include, but are not limited to the following:

    a.  Karim Boutique, Inc., 300Colon Street, Aguada, PR 00602

    b.  Top Hat Formalware, Inc., Urb. Sta. Rosa, 51-51 Marginal, Bayamón, PR 00960.

    c.  Samira's, Inc., Borinquen Towers Shopping Center, Caparra Heights, PR 00920.

    d.  D'Royal Bride, Bayamón, PR.

    e.  Mujer Mujer Boutique, R30 24th Street, Urb. Villa Universitaria, Humacao, PR 00791.

    f.  Leather and Pearls, P.O. Box 9023867, San Juan, PR 00902-3867.

    g.  Images, Inc., Plaza Rio Hondo Mall, Bayamón, PR 00961.

    h.  Eleonor, Inc., 1310 Ashford Avenue, San Juan PR 00907.

    i.  Punta en Blanco, Inc., Galería del Condado, San Juan, PR 00907.

    j.  Vilma Zerbi Boutique, Inc., Faccio Bldg. 2nd Floor, San Juan, Puerto Rico 00926

    k.  B.A.P. Caribe Imports, Marginal #25, Carolina, PR 00979.

    l.  A and F Enterprises, Inc., Marginal #25, Carolina, PR 00979.

Thus, again, this factor weighs in favor of transferring the case in Puerto Rico.

### *Public Interest Factors*

Regarding the **sixth factor**, whether judgment will be enforceable, defendants submit that the judgment will probably be enforceable in either district because of the U.S. Constitution's full faith and credit clause.  See U.S. Const., Art. IV, Sec. 1.

As to the **seventh factor**, practical considerations that could make trial simple, expeditious, or inexpensive, as well as the state of the dockets in the available venues, keeping the case in the District of Puerto Rico is in order.  First, the causes of actions in both cases arose in Puerto Rico; the law applicable to this case will be Puerto Rico law. Here, plaintiff speaks of a breach of contract claim, but make no such showing of a semblance of such a claim, or how defendants actually have minimum contacts with New York.  Plaintiff has not produced any outstanding invoices, overdue notices, or documents evidencing any attempt at collection on the alleged debt.  Second, the alleged interference claim involve acts that solely could have occurred in Puerto Rico; thus, the availability of these non-party witnesses to appear for depositions and trial, as well as to obtain discovery will be significantly more expeditious and less expensive if the case is transferred in Puerto Rico. Third, the court docket in the district of Puerto Rico is probably less congested than that of the Southern District of New York, based upon the size of the population and the number of businesses within the respective districts.  This factor tips heavily toward transferring the case to Puerto Rico.

With regard to the **eighth factor**, the chosen forum's interest in deciding issues of local concern, the local concern's interest outweighs the foreign concern. First, the applicable law will be Puerto Rico law since all the incidents that lead to the causes of

actions pleaded arose here.  Second, on the pleadings, plaintiff has minimum contacts with Puerto Rico since all shipments were delivered here, their product has been placed in interstate commerce, ending up in Puerto Rico, and they have submitted to the jurisdiction of that court already.  Third, defendant derives a direct economic benefit from Puerto Rico.  Fourth, the people and businesses that both, plaintiff and defendants need to establish their respective allegations are all located in Puerto Rico.  Fifth, defendants' minimum contacts with New York are tenuous at best and not sufficient for a strong presumption in favor of the plaintiff's chosen forum to keep the case in this district.  Consequently, the balance tilts again in favor of keeping the case in Puerto Rico.

As to the **ninth factor**, the public policies of each district, defendants submits that there is a strong public policy in the District of Puerto Rico in deciding matters involving local law, particularly, Law 75.  The local legislature included language in that law specifically renders null and void any stipulation that obligates the dealer to litigate any controversy involving his dealer's contract outside of Puerto Rico.  10 P.R. Laws Ann. §278b-2.  The law to be applied to this case is Puerto Rico law, and the facts to be decided arose within the District of Puerto Rico.  In this regard, defendants respectfully refer to **Exhibit A**, annexed hereto for a letter dated 12/8/2006 from the plaintiff admitting that plaintiff has the **exclusive right to sell the Jovani line in Puerto Rico**. Therefore, the balance tilts in favor of transferring the case.

The last of the factors, the relative familiarity of the district judges with the applicable substantive law, clearly favors transferring the case.  The causes of action arose in Puerto Rico and the law to be applied will be Puerto Rico law, a civil law jurisdiction.  Although the Judges in the Southern District of New York are among the

nation's brightest, and will apply the law applicable to the case, the judges in the Puerto Rico district court are probably more familiar with the substantive law of Puerto Rico than the judges in the Southern District of New York.  See _Ferens v. John Deere Co._, 494 U.S. 516, 524-527, 110 S.Ct. 1274, 108 L.Ed. 2d 443 (1990).  Thus, defendants respectfully submit that this factor weighs slightly in favor of transferring the case.

Lastly, we must consider the overlapping between the case in New York and the case pending in Puerto Rico.  Both cases arise of a common nucleus of facts which center of gravity is Puerto Rico. Thus, the case belongs in Puerto Rico.

### Conclusion

Consequently, after examining the above factors, and given that the issue of whether to transfer a case to another forum concerns the proper administration of justice, we can conclude that after considering the factors in the convenience analysis, they weigh heavily toward dismissing this action, or alternatively, transferring the case to the District of Puerto Rico.  Therefore, this Honorable Court should enter an order granting the defendant's motion to transfer this case.

**WHEREFORE**, defendants respectfully request that this Honorable Court issues an order dismissing the instant action, or on the alternative, granting the transfer of this matter to the United States District Court for the District of Puerto Rico, and for such other and further relief as to this Honorable Court may seem just and proper.

**RESPECTFULLY SUBMITTED**, in the city of San Juan, Puerto Rico on this 30th day of July, 2008.

> S/Kenneth C. Suria
> Kenneth C. Suria
> SDNY Bar Code No. KC9944
> ATTORNEY FOR DEFENDANTS
> WILLIAM ESTRELLA LAW OFFICES, PSC
> P. O. Box 9023596
> San Juan, Puerto Rico 00902–3596
> Tel.:  787-977-5050
> Fax:  787-977-5090
> Email: kcsuria@welo.net

## PREMOTION CONFERENCE CERTIFICATE

The undersigned counsel certifies that on July 30, 2008, the attorneys for the parties, Daniel Spitalnick, Esq. and Suzanne Halbardier, Esq. participated in a pre-motion conference held by Hon John E. Sprizzo in his courtroom, in compliance with his Individual Rules of Practice.  At said pre-motion conference, defendants were granted leave to re-file their motion to transfer venue by July 31, 2008; plaintiffs are to file their opposition on or before August 31, 2008 and oral argument is scheduled for September 9, 2008 at 3:00 PM.

> S/Kenneth C. Suria
> Kenneth C. Suria
> SDNY Bar Code No. KC9944
> Attorney for the Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel F. Spitalnik, Esq., dspitalnic@spitalniclaw.com.

In San Juan, Puerto Rico, this 30th day of July, 2008.

S/Kenneth C. Suria
Kenneth C. Suria
SDNY Bar Code No. KC9944
ATTORNEY FOR DEFENDANTS
WILLIAM ESTRELLA LAW OFFICES, PSC
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: 787-977-5050
Fax:  787-977-5090
Email: kcsuria@welo.net

W:\WDOX\CLIENTS\CARANA\86020002\KCS6107.DOCX

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Docket No. 08-cv-2985 (JES)

---

JOVANI FASHIONS, LTD.

Plaintiff,

v.

CARANA, INC d/b/a CARMEN CHIRINO BOUTIQUE;
ANA RIVERA and MARY RIVERA

Defendants

---

### STATEMENT UNDER PENALTY OF PERJURY
### PURSUANT TO 28 USC §1746

---

ANA RIVERA, of legal age, married, **Secretary/Treasurer** of CARANA, Inc., and a resident of San Juan, Puerto Rico, states under penalty of perjury pursuant to 28 U.S.C. §1746, the following:

1)    That my personal circumstances are as stated above.

2)    I am an owner and member of the board of directors of CARANA, Inc., corporation formed in accordance to and pursuat to the laws of the Commonwealth of Puerto Rico and with its principal and only place of business in San Juan, Puerto Rico.

3)    Carana does not conduct any business in New York since it does not maintain any office in New York, does not own any property in New York, does

not have any a bank accounts or other property in New York, and does not have any New York-based employees or agents. Carana does not sell its merchandise, nor doe it solicit business from New York State; Carana purchases Jovani's dresses through trade jobbers.

4)    Carana's relationship with the plaintiff began nearly fifteen (15) years ago.

5)    During those fifteen years, I have been the person making purchases from the plaintiff through its representative Michelle Harrisson & Associates out of their showroom in Atlanta, Georgia. That during that same 15-year period, I have been in New York City on only two (2) occasions, in which I made any purchase directly from Jovani at their premises.

6)    Carana, Inc. has an exlusive distributorship agreement with the plaintiff through their dealings in San Juan, Puerto Rico and Atlanta, Georgia. I have never entered into any agreement with Jovani in New York State.

7)    In its complaint, Jovani mentions the names of several business entitites in Puerto Rico. These business entities are the same businesses that plaintiff sold its dresses to in violation of the exclusive distributorship agreement with Carana, Inc.    These business entities are all located within the Commonwealth of Puerto Rico, as indicated by our attorneys in the motion papers.

8)    During the period of the relationship with the plaintiff, we wrote letters to third parties advising them that CARANA was Jovani's exclusive distributors in Puerto Rico and that the had no right to be selling the exclusive

2

9)    That our attorneys have advised me that under Puerto Rico law, once an exclusive distributorship is created, it can only be terminated by just cause.  10 P.R. Laws Ann. §278a, et seq.    Plaintiff did not terminate the exclusive relationship according to the applicable law.

10)  Carana, Inc was never notified by Jovani that it had illegally and unilaterally terminated their contract; consequently, plaintiff terminated said agreement without just cause.

11)  Moreover, with regard to the tort actions that the plaintiff alleges in its complaint, if any, they would have taken place within the Commonwealth of Puerto Rico, to which the local law of the Puerto Rico applies.

12)  The contract between the Carana and Jovani was entered into and performed in San Juan, Puerto Rico and Atlanta, Georgia.  The merchandise was sent to us bo Jovani to Puerto Rico, where we sold the merchandise.

13)  All the witnesses from the various business entities to which Jovani sold dresses to in violation of the contract, as well as their records, are located in Puerto Rico, as well as our nonparty witnesses as mentioned by our attorneys. Our expert witness, Felix Roman, CPA, is also located in Puerto Rico.  I have been advised by several of the sitnesses that although they are willing to testify on our behalf, they will not travel to New York to do so.  Therefore, since Carana does not have any contacts with New York and all the proof necessary to establish our defense is in Puerto Rico, litigating this case in New York will be oppressive and unduly burdensome to Carana's financial condition, particularly if we cannot secure testimony for the trial as well as the documents.

unduly burdensome to Carana's financial condition, particularly if we cannot secure testimony for the trial as well as the documents.

14)  With regard to co-defendant, Mary Rivera, she is my sister, but she does not work for Carana, Inc., she is not on the Board of Directors and is not a shareholder of the company, either.

15)  Finally, I must clarify that I am a resident as well as a citizen of the Commonwealth of Puerto Rico, and have never been a citizen of the State of new York, or any other state.

16)  I have personal knowledge of the facts and circumstances stated above.


I declare under penalty of perjury that the foregoing is true and correct.


Executed on the _____ day of June, 2008.



_____
ANA RIVERA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Docket No. 08-cv-2985 (JES)

---

JOVANI FASHIONS, LTD.

Plaintiff,

v.

CARANA, INC d/b/a CARMEN CHIRINO BOUTIQUE;
ANA RIVERA and MARY RIVERA

Defendants

---

## STATEMENT UNDER PENALTY OF PERJURY
## PURSUANT TO 28 USC §1746

---

MARY RIVERA, of legal age, married, and a resident and citizen of San Juan, Puerto Rico, states under penalty of perjury pursuant to 28 U.S.C. §1746, the following:

1) That my personal circumstances are as stated above.

2) I am not an owner or member of the board of directors or an employee of CARANA, Inc.,

3) I do not conduct any business in New York, do not maintain any office in New York, do not own any property in New York, and do not have any bank accounts or other property in New York.

4)    In its complaint, Jovani mentions my name as having a relationship with Carana, Inc, and I do not.

5)    Although my sister is one of the owners of Carana, Inc., and I am willing to assist her in defending this claim made by Jovani, I do not have any intention of flying to New York to testify about something that I was not connected with or even travelled to New York for.

6)    Finally, I must clarify that I am a resident as well as a citizen of the Commonwealth of Puerto Rico, and have never been a citizen of the State of New York, or any other state.

7)    I have personal knowledge of the facts and circumstances stated above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the _____ day of July, 2008.



MARY RIVERA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Docket No. 08-cv-2985 (JES)

---

JOVANI FASHIONS, LTD.

Plaintiff,

v.

CARANA, INC d/b/a CARMEN CHIRINO BOUTIQUE;
ANA RIVERA and MARY RIVERA

Defendants

---

## STATEMENT UNDER PENALTY OF PERJURY
## PURSUANT TO 28 USC §1746

---

YESENIA NEGRON OJEDA, of legal age, married, and a resident of Toa
Alta, Puerto Rico, states under penalty of perjury pursuant to 28 U.S.C. §1746, the
following:

1)    That my personal circumstances are as stated above.

2)    I am a customer of Carmen Chirino Boutique located in San Juan,
Puerto Rico.

3)    As a customer I am fully aware that Carmen Chirino Boutique
offered to sell Jovani dresses as exclusive items not available in any other store in
Puerto Rico.

4)    That during the months of September to December 2006, and in Juanuary 2007, I was searching for dresses for my wedding.  During the period of time, I visited the store called Images, Inc., at Plaza Las Américas Mall in San Juan, and found that said establishment sold formal dresses from the designer Jovani.

5)    As a result of that, I decided not to purchase any more clothing at Carmen Chirino Boutique since it is very unpleasant to go to an event or activity and find another person wearing the same dress that you are wearing after they tell you that the Jovani designer is exclusive to Carmen Chirino Boutique.

6)    I am willing to help the Carment Chirino Boutique in this case, but I am not willing to travel to New York.

7)    I have personal knowledge of the facts and circumstances stated above.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on the _____ day of June, 2008.



_____
Yesenia Negron Ojeda

W:\WDOX\CLIENTS\CARANA\86020002\KCS6130.DOCX

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Docket No. 08-cv-2985 (JES)

---

JOVANI FASHIONS, LTD.

Plaintiff,

v.

CARANA, INC d/b/a CARMEN CHIRINO BOUTIQUE;
ANA RIVERA and MARY RIVERA

Defendants

---

## STATEMENT UNDER PENALTY OF PERJURY
## PURSUANT TO 28 USC §1746

---

MARIA LUISA SANCHEZ, of legal age, single, and a resident of Bayamon, Puerto Rico, states under penalty of perjury pursuant to 28 U.S.C. §1746, the following:

1)    That my personal circumstances are as stated above.

2)    I am a a customer of Carmen Chirino Boutique located in San Juan, Puerto Rico.

3)    As a customer I am fully aware that Carmen Chirino Boutique offered to sell Jovani dresses as exclusive items not available in any other store in Puerto Rico.

4)  That during the period of time from September to December 2006, I visited the D'Royal Bride in Bayamón store, where they had the same formal dresses from the designer Jovani that are sold at Carmen Chirino Boutique.

5)  During that same period of time, from September to December 2006, I also visited the Images, Inc. store in Plaza Las Americas Mall in San Juan, where they had the same formal dresses from the designer Jovani Jovani that are sold at Carmen Chirino Boutique.

6)  The above findings cause great stress since I have purchased all my formal dresses from Carmen Chirino Boutique, under the impression that said line is exclusive to your business.

7)  Please note that I am willing to help in this case, but because of personal circumstances I am not willing to travel to New York.

8)  I have personal knowledge of the facts and circumstances stated above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the __9__ day of July, 2008.

María Luisa Sánchez



May 22 07 05:12a

Tel: (212) 279-0222
Website: www.jovani.com
www.jovanibridesmaids.com

Fax: (212) 279-0133
Email: info@jovani.com

# *JOVANI*

12/8/2006

December 5, 2006

Carmen Chirino's Boutique
136 Winston Churchill
San Juan, P.R. 00926

To Whom It May Concern:

This is to certify that Carmen Chirino's Boutique has the exclusive right to sell the Jovani line in Puerto Rico. This include the other related lines that we sell: Jovani, Beyond, Dolce Jovani, Bride Maids and Prom.

We do not authorize any other dealer in Puerto Rico to sell any of these lines. Any dealer carrying any of these lines must be selling old merchandise sold by jobbers. We are very proud to have our dresses in such a beautiful store as Carmen Chirino's.
Regards,

Abraham Maslavi,
President, Jovani Fashion Ltd.



# DANIEL F. SPITALNIC, ESQ.

June 15, 2007

**VIA CERTIFIED MAIL & FACSIMILE**
**FAX NO. (787) 977-5090**

William Estrella Law Offices, PSC.
150 Tetuan Street
San Juan, P.R. 00902
Attn: Kenneth C. Suria

Re: Carana, Inc. and Jovani

Dear Mr. Suria:

This law firm represents Jovani Fashions, Ltd. (hereinafter "Jovani"). The instant letter is drafted in response to the misstatements contained in your letter of June 7, 2007, which letter was addressed to Jose de Paul, president of Images, Inc (hereinafter the "Paul Letter").

Despite your allegations to the contrary in the Paul Letter, CARANA, Inc. d/b/a Carmen Chirino's Boutique (hereinafter "Carana") is no longer the exclusive seller and distributor of Jovani products in Puerto Rico. While you are correct in your assertion that Carana was at one time the sole outlet for Jovani products in Puerto Rico, this is no longer the case. Specifically, as an examination of the letter agreement upon which Carana's claims of exclusivity derives demonstrates, such agreement was entered into by the parties without a specific term or duration. As such, the arrangement can be cancelled at will by either party upon notice. As you are undoubtedly well aware, Jovani's principals gave notice to Carana, over one month ago. As such, whatever exclusivity agreement may have existed as between Jovani and Carana relating to the sale of Jovani's products in Puerto Rico has been terminated.

6 Grace Avenue • Suite 202 • Great Neck, New York 11021 • Phone: 516.439.4001 • Fax: 516.706.1558 • dspitalnic@spitalniclaw.com

Jovani's termination of the exclusivity agreement was based on many factors, including, Carana's breach of the implied duty of fair dealing and good faith which, by law, is imputed into every agreement. That is to say that implicit in the right to exclusively market and sell Jovani's products in Puerto Rico, is Carana's obligation to do so "with due diligence, [as] such a covenant is essential as a matter of equity to give meaning and effect to the contract as a whole." Vacuum Concrete Corp. v. American Machine & Foundry Co., 321 F. Supp 771, 772-73 (S.D.N.Y. 1971).

Despite this legal obligation, Carana's vigilance in protecting the value of the exclusivity arrangement has been eroding the confidence of the partnership with Jovani and deteriorated same to an untenable state. For example, while annual sales of Jovani merchandise by Carana for sale in Puerto Rico rose steadily from $28,000.00 in 2000 to $180,000.00 in 2005, Carana's purchases of Jovani merchandise plummeted to $80,000.00 in 2006, and are at a paltry $37,000.00, nearly mid-way through 2007.

Such intolerable efforts by Carana to properly market Jovani's products in Puerto Rico demonstrate a breach by Carana of the implied duty of fair dealing and demand a termination of the exclusivity agreement. Carana cannot expect to be able to limit Jovani's entrance into the Puerto Rican market and then not endeavor vigilantly to protect Jovani's sales and market position. By refusing to arduously promote the Jovani brand, Carana has forfeited its rights to exclusivity in marketing same.

Additionally, while Jovani has honored its end of the bargain throughout the duration of the since-terminated exclusivity arrangement, Carana has seized every opportunity to gain advantage over Jovani and usurp financial gain. That is to say that while Jovani often sold merchandise to Carana at a discounts of 25%, while it passed up the opportunity to sell to other Puerto Rican outlets without such a steep discount, Carana would nevertheless pay delinquently, post-date checks for up to three (3) months at a time, and dispute the validity of countless invoices. In fact, approximately $5,000.00 of invoices had to be written off as uncollectible, bad debt. Such business practices are not only incorrigible, but inexcusable for a party that expects a partnership and an exclusivity contract with a first-class organization such as Jovani.

Accordingly, it is hereby demanded that Carana no longer represent to the public or any other retailer that it is the exclusive seller of Jovani merchandise in Puerto Rico. Jovani will continue to sell to any interested retailer in Puerto Rico, and invites Carana to continue its long relationship with Jovani.   If Carana fails to cease its current behavior, this firm shall forthwith recommend to Jovani that suit be commenced against Carana for, *inter alia*, monetary damages based on prior deeds between Carana and Jovani, as well as damages based upon Carana's tortuous interference with contract between Jovani and its alternate Puerto Rican outlets.

Please guide yourself accordingly.

Very truly yours,

Daniel F. Spitalnic

DFS/ds

Cc:     Jovani Fashions, Ltd.

Jovani Fashions - Evening Dresses, Prom Dresses, Party Dresses, Beautiful Gowns, Mother...

Case 1:08-cv-02985-JES    Document 11-8    Filed 07/30/2008    Page 1 of 1


EXHIBIT
C



Home

Collections

Jovani Evening
Mother of the Bride

Dolce Jovani
Young

Jovani Prom

Cocktail Dresses

Jovani Beyond
Prom

Seperate Tops

New - Homecoming

Suits

Red Carpet

Brides Maids

: Where to Buy

Look - Press

Celebrities in Jovani

Contact Jovani

About Jovani

Find a Store Near You

Search by    Select a Country:        Search by    Select a State:        Search by
Country                                State                                Zip Code        GO

Store Name        GO

| Name | Address | City | St | Zip | Phone |
|---|---|---|---|---|---|
| KARIM BOUTIQUE | COLON # 300 | AGUADA | PR | 00602 | 7878682640 |
| TOP HAT | CALLE MARGINAL 5151 SANTA ROSA | BAYAMON | PR | 00959 | 7877802030 |
| DE POOL | PLAZA RIO HONDO | BAYAMON | PR | 00961 | 7877845420 |
| SAMIRA'S | BORINQUEN TOWER SHOPPING CENTE | CAPARRA HEIGHTS | PR | 00920 | 787783598* |
| B.A.P. CARIBE IMPORT | MARGINAL #25 | CAROLINA | PR | 00979 | 7877288720 |
| A & F ENTERPRISES | MARGINAL #25 | CAROLINA | PR | 00979 | 7877288720 |
| MUJER MUJER BOUTIQUE | CALLE 24 R30 URB. VILLA UNIVER | HUMACAO | PR | 00791 | 7878524039 |
| LEATHER & PEARLS | P.O. BOX 9023867 | OLD SAN JUAN | PR | 00902-3867 | 7877248185 |
| CARMEN CHIRINOS | 136 WINSTON CHURCHILL | SAN JUAN | PR | 00926 | 7877645721 |
| CARMEN CHIRINOS | 136 WINSTON CHURCHILL | SAN JUAN | PR | 00926 | 7877645721 |
| ELEONOR | 1310 ASHFORD AVENUE | SAN JUAN | PR | 00907 | 7877253201 |
| DE PUNTA EN BLANCO | GALERIA DEL CONDADO | SAN JUAN | PR | 00907 | 7877231236 |
| VILMA ZERBI | FACCIO BUILDING - 2ND FLOOR | SAN JUAN | PR | 00926 | 7877608080 |

Copyright © 2007 Jovani Fashions Ltd. All Rights Reserved        Show Dates        Check Inventory  Stores Only | Legal Restrictions



## United States District Court
## For The District Of Puerto Rico

---

**CARANA, INC.,**

*Plaintiffs,*

**v.**

**JOVANI FASHIONS, LTD., ET AL.**

*Defendants*

CIVIL NO. 07-1996 (PG)    2230 (JAF)

MATTER:

CIVIL ACTION

---

### INITIAL DISCLOSURES PURSUANT TO RULES 26 (a)(1) AND 26(f)

**COMES NOW**, plaintiff, Carana, Inc., through its attorneys, and as for its mandatory initial disclosures, pursuant to the provisions of Rules 26(a) (1) and 26(f) of the Federal Rules of Civil Procedure, states the following:

#### A.    WITNESSES

The following are the names and the presently known addresses of witnesses that may have some knowledge about the allegations contained in the complaint:

1. Mrs. Ana Rivera, 136 Winston Churchill, San Juan, Puerto Rico. Tel 787/764-5721 is likely to have discoverable information relevant to the disputed facts alleged in the pleadings.

Page 1

2.  Mrs. Maria Chirino, 136 Winston Churchill, San Juan, Puerto Rico, Tel 787/764-5721, is likely to have discoverable information relevant to the disputed facts alleged in the pleadings.

3.  Ms. Michelle Harrison, Atlanta Apparel Mart, 250 Spring Street, Ste. 9-N-101, Atlanta, GA, Telephone 404-525-1199, is likely to have discoverable information relevant to the disputed facts alleged in the pleadings.

4.  Mr. Jose De Paul, Images, Inc., Plaza Rio Hondo Mall, Central Offices, Bayamon, Puerto Rico. Tel 787-784-6745, is likely to have discoverable information relevant to the disputed facts alleged in the pleadings.

5.   Felicita García, Mujer Mujer Boutique, Calle 24 R30, Villa Universal, Humacao, Puerto Rico, Tel 787-852-4039, is likely to have discoverable information relevant to the disputed facts alleged in the pleadings.

6.  Alex Diaz, 136 Winston Churchill, San Juan, Puerto Rico, Tel 787/764-5721, is likely to have discoverable information relevant to the disputed facts alleged in the pleadings.

### B.    DOCUMENTS

The following is a list of documents that may contain relevant information about the allegations contained in the complaint:

1.   Web page from Jovani.

2.   Images advertisements dated April 6, 2007, April 26, 2007, and May 9, 2007.

3.      Letter dated December 8, 2006 from Abraham Maslavi to Carmen Chirino's Boutique.

## C. COMPUTATION OF DAMAGES

The plaintiff has retained an expert witness in order to calculate the damages suffered by it as a result of the defendants' actions; at this time the computation of damages is estimated to be approximately $869,000.

## D.      INSURANCE AGREEMENTS

Not applicable.

## E. REQUIRED DISCOVERY

1.      *Depositions needed*:

a.      Mr. Abraham Mislavi.

b.      Any other witness that the defendants may announce, or whose identity is disclosed during the discovery proceedings.

c.      Any expert witness that the defendants may announce.

2.      *Discovery Requests*:

a.      Interrogatories to defendants.

b.      Document Requests to defendants.

c.      Requests for admissions to the defendants.


Plaintiff reserves the right to amend and/or supplement these Initial Disclosures if

and when additional documents and/or witnesses are discovered as a result of further

investigation and of discovery proceedings.

**Dated:**    April 24, 2008
        San Juan, Puerto Rico.


**WILLIAM ESTRELLA LAW OFFICES, PSC**
**Attorneys for Plaintiff**
P. O. Box 9023596
San Juan, Puerto Rico 00902-3596
Tel.:  787-721-7481 Fax:  787-721-4410


**KENNETH C. SURIA, ESQ.**
Email: kcsuria@welo.net
USDC-PR- 213302


PEDRO A. BARCELO
Email: pbarcelo@welo.net
USDC-PR-222103


{W:\WDOX\CLIENTS\CARANA\86003001\KCS5979.DOC}



Hablando de **DEPORTES** y **DEPORTIVAS**

Ramiro Martínez por RADIO VOZ 1520 y su cadena

AGH  1660, Carolina, WEXO  1500, Manatví
WOTIF  1550, Guayama y WRL  1300, Mayagüez

7:30 A.M. Lunes a Sábado  y  5:30 P.M. Lunes a Viernes

Automovilismo, Deportes y algo más...

Cubriendo todos los deportes por igual...

Con: Fernando "El Zorro" Zalduondo
Martes y Jueves · 4:00 PM a 5:00 PM
WVOZ / Radio Voz 1520 AM

Para Anuncios:
Llame al (787)759-7947
Fax (787)759-8161



# IMAGES

Te Trae:

Jovani
Rina Di Montella
Dina Bar El
Vera Wang
Swe Wong
Alberto Makaly
Terani
Nicole Miller
y mucho más...

POR DENTRO
Viernes, 6 de abril de 2007



# Pon tu granito de arena

## Participa en el "Torneo de Pesca Pez Basura" y ayuda a limpiar la playa de El Escambrón

POR ANA ROJAS
Especial El Nuevo Día

Abril es el Mes del Planeta y qué mejor manera de honrar a la Tierra que limpiando sus playas. Por eso en vez de pescar chillos, meros y pargos, los participantes en el torneo que la escuela de buceo Scuba Dogs llevará a cabo el sábado 14 de abril pescarán cientos de peces "lata", "botella", "bolsa" y "goma", entre otros.

El Balneario El Escambrón en San Juan será la sede de esta actividad, cuyo objetivo es limpiar el fondo marino donde se acumula una gran cantidad de basura, lastimando así el ecosistema.

"Sobre 60% de la basura que se encuentra en la playa proviene de actividades en tierra. De esto, una gran parte llega al fondo del mar a través de sistemas pluviales, lluvias, arroyos y escorrentías", indica Alberto Martí, presidente de Scuba Dogs y coordinador del esfuerzo. "Periódicamente, las agencias gubernamentales limpian las costas, pero no el fondo marino donde se acumula la basura ocasionando el mayor daño a la vida marina y corales", añade Martí.

Por eso se invita al público en general, en especial a las personas que disfrutan con frecuencia de nuestras playas, "buzos", "snorkelers", "kayakers" y "surfers" y bañistas.

"Así se formará un equipo ambiental masivo para recoger la basura de la playa completa; dentro y fuera del mar.

"Estos cientos de voluntarios despiertan un alto nivel de concienciación al ver la cantidad de basura que nos rodea y se convierten en parte de la solución al recoger la basura", destaca Martí. En el esfuerzo también se llenan tarjetas de datos que proveen información de la cantidad de basura removida, el tipo de basura acumulada, de dónde proviene y quién es el causante.

La Compañía de Parques Nacionales de Puerto Rico participará en este esfuerzo.



VAMOS A PESCAR BASURA

Actividad para limpiar el Balneario El Escambrón, organizada por Scuba Dogs.

· sábado 14 de abril
· 8 a.m. -12 m.
· Punto de encuentro: Concesionario de comida en la playa #9 (detrás del Hotel Normandie)
· Inscripciones: (787)783-6377 / limpieza@scubadogssqc.net







## Jovani

Search by Style # **GO**

Home

Collections

Jovani Evening
Mother of the Bride

Dolce Jovani
Young

Jovani Prom

Cocktail Dresses

Jovani Beyond
Prom

Separate Tops

New – Homecoming

Suits

Red Carpet

Brides Maids

: Where to Buy

Look + Press

Celebrities in Jovani

Contact Jovani

About Jovani

Find a Store Near You

Search by Country  Select a Country:    Search by State  Select a State:    Search by Zip Code  **GO**

Store Name

| Name | Address | City | St | Zip | Phone |
|------|---------|------|----|----|-------|
| KARIM BOUTIQUE | COLON # 306 | AGUADA | PR | 00602 | 787 368 2646 |
| TOP HAT | CALLE MARGINAL 5151 SANTA ROSA | BAYAMON | PR | 00959 | 787 780 2030 |
| DE PUGI | PLAZA RIO HONDO | BAYAMON | PR | 00961 | 787 7845420 |
| SAMIRA'S | BORINQUEN TOWER SHOPPING CENTE | CAPARRA HEIGHTS | PR | 00920 | 787 783598 |
| B A P CARIBE IMPORT | MARGINAL #25 | CAROLINA | PR | 00979 | 787 728 8720 |
| A & F ENTERPRISES | MARGINAL #25 | CAROLINA | PR | 00979 | 787 728 8720 |
| MUJER MUJER BOUTIQUE | CALLE 24 RJO URB VILLA UNIVER | HUMACAO | PR | 00791 | 787 852 4035 |
| LEATHER & PEARLS | P O BOX 9023867 | OLD SAN JUAN | PR | 00902 3867 | 787 548 185 |
| CARMEN CHIRINOS | 138 WINSTON CHURCHILL | SAN JUAN | PR | 00930 | 787 764 5723 |
| CARMEN CHIRINOS | 138 WINSTON CHURCHILL | SAN JUAN | PR | 00926 | 787 764 5723 |
| ELEONOR | 1310 ASHFORD AVENUE | SAN JUAN | PR | 00907 | 787 725 3201 |
| DE PUNTA EN BLANCO | GALERIA DEL CONDADO | SAN JUAN | PR | 00907 | 787 231 236 |
| VILMA ZERBI | FACCIO BUILDING  2ND FLOOR | SAN JUAN | PR | 00926 | 787 608 0080 |

Copyright © 2007 Jovani Fashions Ltd. All Rights Reserved

Show Dates    Check Inventory  Stores Only  Legal Restrictions

Tel: (212) 279-0222                                    Fax: (212) 279-0133
Website: www.jovani.com                          Email: info@jovani.com
www.jovanibridesmaids.com

# *JOVANI*

12/8/2006

December 5, 2006

Carmen Chirino's Boutique
136 Winston Churchill
San Juan, P.R. 00926

To Whom It May Concern:

This is to certify that Carmen Chirino's Boutique has the exclusive right to sell the Jovani line in Puerto Rico. This include the other related lines that we sell: Jovani, Beyond, Dolce Jovani, Bride Maids and Prom.

We do not authorize any other dealer in Puerto Rico to sell any of these lines. Any dealer carrying any of these lines must be selling old merchandise sold by jobbers.   We are very proud to have our dresses in such a beautiful store as Carmen Chirino's.
Regards,

Abraham Maslavi,
President, Jovani Fashion Ltd.

Tel: (212) 279-0222
Website: www.jovani.com
www.jovanibridesmaids.com

Fax: (212) 279-0133
Email: info@jovani.com

# *JOVANI*

12/8/2006

5 de diciembre de 2006

Carmen Chirino's Boutique
136 Winston Churchill
San Juan, P.R. 00926

A quien pueda interesar:

Por este medio certifico que Carmen Chirino's Boutique tiene los derechos exclusivos de vender la linea de trajes de mujer Jovani en Puerto Rico. Esto incluye las otras lineas relacionadas qe vendemos: Jovani, Beyond, Dolce Jovani, Bride Mates and Prom.

No autorizamos a ninguna otra tienda en Puerto Rico a vender ninguna de estas lineas. Cualquier tienda que este vendiendo alguna de estas lineas debe estar vendiendo mercancia vieja vendida por "jobbers".

Atentamente,

Abraham





**Digital Wear**

Trajes
de Baño
y Ropa de
Mujer al
por Mayor

*Ripples*

Tel. (737) 793-7250
Kotob@msn.com
Ave. Esconal #700
Caparra Heights, San Juan

**CARIBBEAN FORENSIC TECHNICAL COLLEGE**

Prepárate para trabajar en corto tiempo y estudiar en una *institución de prestigio*

## Matrícula Abierta

### Detective Privado
### Técnico de Investigación Forense
### Especialista en Dactiloscopía y
### Fotografía Forense (Huellas Dactilares)

Ayuda Económica si cualificas • Certificados para Fondos Título IV (Pell)

Secciones: Diurnas, Nocturnas y Sabatinas

Accredited Member: ACCSCT "Accrediting Commission of Career Schools and Colleges of Technology and the Consejo General de Educación de PR.

Tel. (787) 751-6961 / Fax 766-0532 / (787) 759-6995
Paseo de Diego 15 • 2do. 3er. Piso- Río Piedras



## IMAGES

Te trae
Jovani
Rina Di Montella
Dina Bar El
Vera Wang
Swe Wong
Alberto Makaly
Terani
Nicole Miller
y mucho mas

Graduaciones • Bodas • Actividades Formales



*Para el Prom 2007*

Sólo en **VIP**

La colección más exclusiva de trajes, carteras y accesorios para que luzcas bellísima en tu graduación.

**-10%**

de descuento al comprar tu traje con sólo presentar este anuncio.

¡Llévamos lista una escuela para evitar aglomeraciones!
Lunes a sábados 10:30 - 6:00 p.m.
Domingos 12:00 - 5:00

Para válida hasta el 01 de mayo de 2007
Precio desde $120 hasta $999
Marginal #25 Baldorioty de Castro
Isla Verde

787-728-8720
www.vip-prom.com
e-mail: vip@prtc.net

Debe presentar este cupón al momento de la compra.

# nueva tecnología
## en construcción de tablas de surfear



Si tu tabla es el "surfing" y buscas lo mejor en una tabla, pregunta por una tabla tuflite en tu "sunshop" favorito.

**por jaime torres**
*especial para en punto*

La industria de surfing se estremeció con el cierre de Clark Foam en diciembre 5 de 2005. Clark Foam fabricaba los blancos de foam sobre el cual los fabricantes de tablas de surfing formaban sus tablas. Ese fila conocido en el mundo del surf como Block Monday, despertó a la industria y a los aficionados al surfing a la realidad de que existían muchas alternativas a la tradicional construcción de tablas de surfing técnica que que se mantenía sin mayor cambio desde hace más de 40 años.

Una de las compañías que hizo la transición a tecnología avanzada antes de Block Monday fue Surftech de Randy Monday y los Surftech de Randy French French buscaba fabricar tablas que fueran más livianas y fuertes y encontró la solución en una nueva tecnología llamada Tuflite.

Tuflite es el producto de más de 15 años de tiempo centrados en una meta construir la tabla más resistente y más liviana en el mundo. Los más reconocidos shapers del mundo comparten una visión de construcción avanzada y se han unido a Randy French.

**¿cómo se hace tabla tuflite?**

Una tabla protegida construida por los mejores shapers y probada por mejores surfistas, es en Santa Cruz, California. Luego de Surftech detalle del diseño se y se digitaliza en un master de modo que importa qué suceda en el futuro, siempre tendrá referencia al diseño.

El archivo digital una facilidad certificada para la reproducción parte de este proceso a información del maquinar construir los foam o Tachlite, ultraliviano completamente a p igual

Las tablas terminan inspeccionar para estén al estándar al Surftech y del shop. Luego se empecar cuidadosamente o lleguen impecable manos.

**razones por conviene comp tabla tuflite de**

1. Cuentan con shapers más mismo, no esperará nes superior

2. Las tablas r y livianas

3. Son fuertes resistentes

4. Su forma es igual al de puedes ser un diseño igual

5. Son duras

6. Mantienen Cuando lo más liviar

*El autor es instruc (787-183-0543).*

de verano



**CEREMONIA FRENTE AL MAR**
El Hotel El Guajataca, ubicado en Quebradillas, cuenta con cabinas de actividades para la boda. 300 personas. Disfrutando de esta edificación Atlántico y hermoso paisaje costero. Celebre la boda de su sueño frente al mar. Visite www.hotelguajataca.com



**ROMÁNTICA ESTADÍA**
Para disfrutar de unas merecidas vacaciones y para tener una escapadita, se encuentra en el área esta el Hotel... las habitaciones acogedoras están equipadas con aire acondicionado de una temperatura reservar pre-ambiente cercanos y ofrece ... clase de esta ... son una botella de champaña impresiona de bienamiento y estos ... Llame al 787-895-... visite www.delumar.com



ACORDE A TUS DESEOS DE SU BODA...
Rincón Beach Resort tiene cuatro ofertas para bodas estilo desluxe: la Oferta Lirio, una ceremonia íntima para cuatro; Oferta Tulipán, una ceremonia íntima con cena para cuatro; Oferta Orquídea, una ceremonia íntima con cena para diez; y la Oferta Rosas, una boda memorable para 25 personas o más. Según la oferta que usted prefiera, incluye la ceremonia de boda en la playa, flores frescas y el montaje, el juez, el ramo de novia, el ramo de la madrina; los "boutonnieres" del novio y el padrino, confeccionados en rosas naturales, y una botella de champaña de la cual, la cena es opcional; puede escoger entre tres deliciosos menús creados especialmente para estas ofertas; el dulce Diseño de boda y las orquídeas. Las ofertas incluyen una estadía de tres noches y cuatro días para los recién casados en una habitación "Junior Suite". También, puede escoger entre diferentes deportes acuáticos y las excursiones disponibles a diferentes puntos de interés en los pueblos aledaños. Para información, llame los cargos al 1-866-589-0009 o 787-589-9000, extensión 1015; escriba a reservations@rinconbeach.com o visite www.rinconbeach.com



ESCULTURASDEHIELO.COM
TEL. (787) 238-9446
· BODAS
· QUINCEAÑEROS
· ACTIVIDADES CORPORATIVAS



TRANSFORMACIONES
EN 90 DÍAS
WWW.INEX90.COM



the COOKIE bouquet
OBTÉN UN 30% DE DESCUENTO EN TU ORDEN DE RECORDATORIOS DE GALLETAS
DISEÑOS LIMITADOS.
GALLETAS DECORADAS EN CANASTAS O RECORDATORIOS
787-602-7601 www.legal.cookie...



Floristería, Bizcochos, Catering, Coordinación y Decoración de Eventos Sociales

*Delicadezas*

· Coctel de Bienvenida
· Sol de frutas en fuente
· Menú principal a escoger
· Mozos, Bartender, Mantelería, Cristalería.

$1,695.00
PARA 100 PERSONAS

Ave. Magnolia... 12
Magnolia Garden Bayamón
Tel. (787) 269-1555



Centro de Convenciones
Los Paseos



Jaque...
De principio a fin

Bailarines y Decoradores



Hotel
El Guajataca

787-895-...



IMAGES
XV

Jewan
Rina Di Montella
Diana Isabel
Vera Wang
Mon Mahan
Alberto Makali
Bonita

EXHIBIT

E

LAW OFFICES
# WILLIAM ESTRELLA

A PROFESSIONAL SERVICE CORPORATION

150 TETUAN STREET
SAN JUAN, PUERTO RICO 00901

———

P.O. BOX 9023596
SAN JUAN, P.R. 00902-3596

— —

TELEPHONE 787-977-5050
FACSIMILE 787-977-5090
WEBSITE www.weslo.net

PARTNERS
WILLIAM ESTRELLA
ALBERTO G. ESTRELLA*
KENNETH C. SURIA*
GERARDO J. HERNÁNDEZ

ALSO ADMITTED IN
*WASHINGTON D.C. & VIRGINIA
*NEW YORK & NEW JERSEY
*WISCONSIN

SENIOR STAFF ATTORNEYS
DOEMARIS CHACÓN
LUIS M. MORERA
ANDRÉS J. COLBERG
THOMAS TREBILCOCK

STAFF ATTORNEYS
PEDRO A. BARCELÓ
LIBARDO HERNÁNDEZ
YASTHEL I. GONZÁLEZ
VIDAL VÉLEZ

OF COUNSEL
HERIBERTO TORRES, MBA, CPA
LUIS E. MIGENIS-LÓPEZ

June 13, 2008

Ana B. Castro Álvarez, Esq.
Centro de Seguros Building
Suite 407
701 Ponce de León Avenue
Santurce, PR 00907-3286

Re: <u>Carana, Inc., et al v. Jovani Fashinons, Ltd, et al</u>
Civil No: 07-2230(JAF)

Dear attorney Castro:

Kindly accept the present as our amendment to the witnesses section of our Initial Disclosures. The following witnesses have come forward and are likely to have discoverable information regarding the allegations in the complaint:

(a) **Mrs. Yesenia Negrón Ojeda**
Urb. Palacio de Marbella,
Apt. 978
Toa Alta, PR 00953
We are in the process of obtaining her telephone number.

(b) **Ms. María Luisa Sánchez,**
Telephone number is 787-797-1020
We are in the process of obtaining her address.

(c) **Ms. Karem Díaz,**
Telephone No. 787-638-2854
We are in the process of obtaining her address.

LAW OFFICES
# WILLIAM ESTRELLA
A PROFESSIONAL SERVICE CORPORATION

Ana B. Alvarez, Esq.
Page 2
June 13, 2008

At this point, I would like to remind you that I am yet to receive the balance of your Initial Disclosures. As you may remember, you provided to me the name of one of your two witnesses, who is the named defendant. You also spoke about an unknown person from the accounting department who may testify. Also, you indicated that at this point your client does not have an expert witness. I do not have any documents, the names of any other witnesses that you may have, and no copy of any insurance agreements. Kindly provide these as soon as you are able to should they apply.

Lastly, I am enclosing our First Set of Interrogatories, Request for Production of Documents and Request for Admissions. I trust that your client will provide what has been requested in a timely manner. Meanwhile, should you have any questions, do not hesitate to contact the undersigned.

Cordially,

WILLIAM ESTRELLA LAW OFFICES, PSC

KENNETH C. SURIA
kcsuria@welo.net
(787) 977-5097

Enclosures



June 7, 2009

Mrs. Ana M. Rivera
Carmen Chirino Boutique
San Juan, P.R.


To whom it may concern:

On June 2006 I accompanied a friend to purchase a dress at
Carmen Chirino Boutique for a wedding.  When she purchased the
dress it was sold as an exclusive item and that no other store
in Puerto Rico had it.  Two weeks after my friend purchased
the dress that was allegedly exclusive, I went by Condado in
front of Eleanor Boutique and the window had the same dress.
I called my friend and informed her of this, she indicated
that she would contact the owner of Carmen Chirino Boutique.
The owner of the store, Mrs. Ana M. Rivera indicated that it
was impossible, since this designer was exclusive to her for
Puerto Rico.

s/Karem Díaz
Karem Díaz
787-638-2854

CERTIFIED To be a true and correct trans-
lation from its original. *signature*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.    6/18/08

CERTIFICATION

I hereby certify that during the months of September to December of 2006 and January of 2007 while I was searching for dresses for my wedding, I visited the store Images at the Plaza Las Américas shopping mall, finding that at this establishment they were selling formal dresses by the designer Jovani.

As a result of several purchases that I have made at your store regarding this line of clothing I have made the decision not to purchase anything more from you, it is very unpleasant to go to an activity and find another person with the same dress. It is necessary and urgent that you take the pertinent action, because they are on sale at your establishment on an exclusive basis.

In view of the above, I certify the aforementioned information, today June 7, 2008 in Bayamón, PR.

s/illegible
Mrs. Yesenia Negrón Ojeda
Urb. Palacios de Marbella
Apt. 978 Toa Alta, PR
00953

CERTIFIED To be a true and correct translation from its original. *(signature)*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.        4/18/08

June 5, 2008

Mrs. Ana Chirino
Carmen Chirino Boutique

Dear Mrs. Chirino:

This is to inform you that during the months of September to December 2006 I visited the store D'Royal Bride in Bayamón and the boutique Images at the Plaza Las Américas Shopping Mall. At both establishments they had the same formal dresses of the designer Jovani, causing me great anguish since I have purchased all my formal dresses at your establishment from the aforementioned line which is exclusive to your business.

I hope you take action in this regard.

Cordially,

s/illegible
María Luisa Sánchez
María Luisa Sánchez
email: lusan1020@yahoo.com
Tel.  (787) 797-1020

CERTIFIED To be a true and correct translation from its original. _illegible_
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.    6/18/08

7 de junio de 2008

Sra. Ana M. Rivera
Carmen Chirino Boutique
San Juan, PR.

A quien pueda interesar:

En junio del 2006 acompañe a una amiga a comprar un traje en Carmen Chirino Boutique para una boda. Cuando esta compra el traje se lo vendieron como una pieza exclusiva y que ninguna otra tienda en Puerto Rico lo tenia. A las dos semanas posteriores a que mi amiga comprara el traje supuestamente exclusivo, pasé por Condado frente a la Eleonor Boutique y la vitrina tenia el mismo traje. Llame a mi amiga y se lo informé, ella me indico que se lo comunicaría a la dueña de Carmen Chirino Boutique. La dueña de la tienda la Sra. Ana M. Rivera indica que era imposible, ya que ese diseñador era exclusivo de ella para Puerto Rico.

Karem Díaz
787-638-2854

# CERTIFICACION

Por este medio certifico, que durante los meses de septiembre a diciembre del 2006 y enero del 2007 mientras realizaba la búsqueda de trajes para mi boda, visité la tienda Images en el centro comercial Plaza las Américas, encontrando que en este establecimiento tienen a la venta trajes formales del diseñador Jovani.

Como consecuencia de varias compras que he realizado en su tienda referente a esta línea de ropa, he tomado la decisión de no comprarle mas, es de mal gusto ir a alguna acitividad y encontrarme con alguna persona con el mismo traje. Se me hace necesario y urgente que ustedes tomen la acción pertinente, porque los mismos están a la venta en su establecimiento de manera exclusiva.

Por todo lo antes expuesto, certifico la información antes mencionada hoy 7 de junio de 2008 en Bayamón, PR

Sra. Yesenia Negrón Ojeda
Urb. Palacios de Marbella
Apt. 978 Toa Alta, PR
00953

5 de junio de 2008


Sra. Ana Chirino
Carmen Chirino Boutique


Estimada señora Chirino:

Sirva la presente para informarle que durante los meses de septiembre a diciembre del 2006 visite la tienda D' Royal Bride en Bayamón, y la boutique Images en el centro comercial Plaza las Americas. En ambos establecimientos tenían a la venta trajes formales del diseñador Jovani, provocandome gran angustia mental, ya que todos mis trajes formales los he comprado en su establecimiento de la linea antes mencionada que es exclusiva de su negocio.

Espero tome acción al respecto,

Cordialmente,

María Luisa Sánchez
Email: lusan1020@yahoo.com
Tel. (787) 797-1020

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

CARANA, INC. d/b/a CARMEN
CHIRINO BOUTIQUE

    *Plaintiff,*

    v.

JOVANI FASHIONS, LTD., ABRAHAM
MASLAVI and JANE DOE, his wife, the
Conjugal Partnership composed by them;
JOHN DOE, XYZ INSURANCE
COMPANY, and ABC CORPORATION,

    *Defendants.*

Civil No. 07 - 2230 (JAF)

Law 75 (10 P.R. Laws Ann. §278a
Et seq.), Law 21 (10 P.R. Laws
Ann. §279a Et seq.), Article 1802 of
the Civil Code

Plaintiff Demands Trial by Jury

RECEIVED & FILED
2007 DEC 26  PM 3:44
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

## COMPLAINT

TO THE HONORABLE COURT:

    PLAINTIFF, CARANA, INC. ("Carana"), through its attorneys, as and for

its complaint against the defendants herein, respectfully STATES, ALLEGES and

PRAYS:

## INTRODUCTION

    This is a complaint seeking damages caused by the defendants arising

from an unjust termination of a distribution relationship/agreement governed

by Puerto Rico Law 75 (10 P.R. Laws Ann. §278a Et seq.)

## JURISDICTION AND VENUE

1)     Plaintiff, Carana, Inc. doing business as Carmen Chirino Boutique, is a domestic corporation organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in San Juan, Puerto Rico, and has been engaged in the business of selling high end clothing and dresses to the public in general within the Commonwealth of Puerto Rico for the last forty (40) years.

2)     Defendant Jovani Fashions, Ltd. ("Jovani") is a company organized under the laws of the State of New York, with its principal place of business located at 1370 Broadway, New York, New York 10018, and is in the business of manufacturing women's formalwear, suits, dresses, and other high end fashion.

3)     Abraham Mislavi, is the President of Jovani Fashions, Ltd. and is sued both, in his official and personal capacity; he is a citizen of a state other than the Commonwealth of Puerto Rico.

4)     John Doe, Jane Doe, XYZ Insurance Company and ABC Corporation are all other natural or juridical persons who may also be responsible for the claims included herein and who are citizens of a state other than the Commonwealth of Puerto Rico.

5)     This Honorable Court has jurisdiction over the parties and the subject matter of this complaint pursuant to the diversity jurisdiction provision of 28 USCA § 1332 because the parties are citizens from diverse states.

2

6)      This district is the proper venue pursuant to 28 USCA §1391(a), since a substantial part of the events or omissions giving rise to the claim herein arose in this District and the defendants are subject to the personal jurisdiction of this Court.

7)      Plaintiff also alleges supplemental causes of action under the laws of the Commonwealth of Puerto Rico, as claims so related to other issues in the action that they form part of the same case or controversy, and over which this Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1367.

### FACTS PERTAINING TO THE DISTRIBUTION RELATIONSHIP

8)      On or about 1993 Carana commenced purchasing merchandise from the defendant Jovani in the continental United States to sell it in Puerto Rico. Sometime during the year 1997, Carana and Jovani, agreed to an exclusive distribution relationship by which Carana acquired the right to distribute Jovani dresses on an exclusive basis in the territory comprised of the commonwealth of Puerto Rico.

9)      In the course of performance between the parties during the last ten (10) years, Carana has performed the following responsibilities, functions or obligations as an exclusive distributor of the products within Puerto Rico:

> a.  purchase products from Jovani for sale and distribution in Puerto Rico;
>
> b.  acquire title to the products at the time of delivery;
>
> c.  assume the risk and expense of insurance, transportation, storage and warehousing of the products;

3

d.  carry inventory of the products;

e.  invest in promotion or advertising of the products;

f.  assume the obligation to invoice and collect for payment from sales of the product in Puerto Rico;

g.  distribute and sell the product to customers throughout Puerto Rico;

h.  finalize sales contracts with customers; and

i.  employ a sales force and promotional support to provide services to the product in the market place.

10)    Since its appointment as an exclusive distributor of the products, Carana has distributed and continues to distribute the products in Puerto Rico with its sales personnel, including but not limited to sales persons, supervisors, sales managers, inventory personnel, giving the product effective coverage in the Puerto Rico market.

11)    Carana has successfully sold, promoted and/or marketed the products in Puerto Rico since its exclusive relationship with Jovani commenced.

12)    Carana's direct contribution from its sales of the products in Puerto Rico is estimated to exceed millions of dollars up to the time of termination of the agreement. However, its total benefits for the last five years exceed $500,000 plus Carana enjoy a goodwill in excess of $100,000. The value of the products actually in inventory is estimated to exceed $125,000. Presently, Carana is paying rent on the space where the inventory is located at a rate of $1,000.00 per month and is also paying property taxes on the inventory at a rate of $600.00 per month.

4

13)    An exclusive dealer relationship can only be terminated for "just cause" expressly in accordance with Puerto Rico Law 75. The just cause for termination must exist and be communicated before or at the time of the termination.

## FACTS REGARDING JOVANI'S UNJUST TERMINATION

14)    Upon information and belief, at various times since the inception of the exclusive relationship and to this day, defendant has engaged in acts detrimental to the established dealership relationship with Carana, including but not limited to: 1) selling Jovani's line of dresses to Carana's competitors; 2) failing to take affirmative actions to prevent competing distributors in Puerto Rico from interfering with the exclusive rights of Carana to the Jovani line of dresses; 3) failing to negotiate in good faith toward the resolution of contractual disputes; 4) giving no reason for the termination other than pretextual reasons without just cause; 5) raising after-the-fact pretextual excuses for defendant's unilateral termination of the exclusive distribution relationship.

15)    All the above acts are part of the defendants' scheme, subterfuge or plan, in bad faith or in concert with others to appoint another distributor or sell products directly in order to deprive Carana of the valuable distribution rights without just cause.

16)    On December 5, 2006, Jovani and Carana re-confirmed in writing the existence and granting of an exclusive distribution right for Puerto Rico to Carana. See Exhibit A, annexed hereto for a copy of the letter.

17)    On or about May 29, 2007, plaintiff became aware that its exclusive line of dresses was being sold at another store in Puerto Rico. On June 7, 2007, counsel for the plaintiff wrote to Carana's Competitor (Images store) that was selling the Jovani dresses requesting that they cease and desist from that practice. See Exhibit B, annexed hereto for a copy of the letter. Images never responded to the letter of June 7th; however, the attorney for Jovani Fashions, Ltd., responded to said letter indicating that the exclusive distribution agreement had been terminated back in May 2007. See Exhibit C, annexed hereto for a copy of the letter.

18)    It was through Jovani's attorney's letter that plaintiff first learned that its exclusive distribution relationship had been terminated.   It was in the Jovani's attorney's letter that pretextual excuses for terminating the exclusive distribution relationship were provided to Carana for the first time, including misinformation about alleged debts that never existed.

19)    Upon further communication with the defendants, Jovani reiterated that it unilaterally terminated their exclusive distribution relationship, but that it was still willing to sell merchandise to Carana on a non-exclusive. Jovani never gave just cause reason to Carana that would justify terminating its exclusive distribution relationship with Jovani after plaintiff had created a viable and lucrative market for the defendants' product line.

20)    Because of the defendants' breach of this exclusive distribution agreement, plaintiff's clients have threatened to file complaints with the

6

Commonwealth of Puerto Rico's Department of Consumer Affairs because of false advertising. Carana's clients became aware that the dresses that are exclusive to the plaintiff were being sold by another entity, thus felt deceived by Carana's advertising relative to its exclusive relationship with Jovani and the exclusivity of the dresses that Carana. sold in Puerto Rico  All this occurring before the termination of the relationship by Jovani.

21)    Defendants' unjust termination of the exclusive distribution agreement or relationship has cause and continues to cause irreparable harm to plaintiff's reputation and goodwill; has caused economic harm, estimated to exceed $500,000, together with any and all costs, disbursements of this action.

**FIRST CAUSE OF ACTION**
**JOVANI FASHIONS, LTD., IMPAIRED AND TERMINATED THE**
**AGREEMENT WITHOU JUST CAUSE IN VIOLATION OF PUERTO LAW 75,**
**10 P.R. LAWS ANN. §278.**

22)    Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 through 21, above, with the same force and effect as if fully set forth herein.

23)    Puerto Rico law governs dealerships and the relationship arising therefrom.

24)    Carana qualifies as a dealer under Puerto Rico's Law 75.

25)    Defendants have unilaterally decided to terminate the existing exclusive dealership relationship without just cause in violation of Law 75. Defendant's acts are detrimental to the established relationship as described

above, and have also caused an impairment of the relationship before they terminated it without just cause.

26)    Defendants' acts have caused and will continue to cause irreparable harm to Carana's reputation and goodwill, and economic damages, estimated to exceed $500,000, plus costs, expert fees and attorneys' fees as allowed by Puerto Rico law.

## SECOND CAUSE OF ACTION:
## ON THE ALTERNATIVE, JOVANI FASHIONS, LTD. IMPAIRED AND TERMINATED THE AGREEMENT WITHOUT JUST CAUSE IN VIOLATION OF LAW 21, 10 P.R. LAWS ANN. §279

27)    Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 through 26, above, with the same force and effect as if fully set forth herein.

28)    Puerto Rico law governs dealerships or exclusive sales representation and the relationship arising therefrom.

29)    Alternatively, Carana qualifies as an exclusive sales representative under Puerto Rico's Law 21.

30)    Upon information and belief, in direct violation of the exclusive sales representative relationship and agreement, and in detriment to Carana's rights under said agreement to distribute products on an exclusive basis in Puerto Rico, Jovani has entered into negotiations with third parties to grant them the right to distribute and sell their products in Puerto Rico or have caused or acquiesced to third parties interfering with Carana's exclusive rights.

31)    Defendants have unilaterally decided to terminate the existing exclusive dealership relationship without just cause in violation of Law 21. Defendant's acts are detrimental to the established relationship as described above, and have also caused an impairment of the relationship before terminating it without just cause.

32)    Defendants' acts have caused and will continue to cause irreparable harm to Carana's reputation and goodwill, and economic damages, estimated to exceed $500,000, plus costs, expert fees and attorneys' fees as allowed by Puerto Rico law.

THIRD CAUSE OF ACTION:
JOVANI HAS BREACHED ITS DUTY OF GOOD FAITH AND FAIR DEALING AND THUS IS LIABLE UNDER ARTICLE 1802 OF THE PUERTO RICO CIVIL CODE

33)    Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 through 32, above, with the same force and effect as if fully set forth herein.

34)    Defendants have breached their duty of good faith and fair dealing by refusing to negotiate to resolve any business issues in good faith, by failing to provide adequate pre-termination notice, and by seeking to enforce terms that were never part of their agreement, and that are invalid under Puerto Rico law.

35)    At various times, Carana has contacted Jovani in good faith in an attempt to resolve this matter without having to litigate.   However, defendants

failed to seriously negotiate to attempt to resolve the issues forcing the plaintiff to seek counsel and to commence this lawsuit.

36)    Defendants' actions and omissions are a pretext, in bad faith, to unlawfully and intentionally impair and deprive Carana's rights under the agreement.

37)    Defendants' tortious acts have cause and will continue to cause damages to Carana in excess of $500,000.

## FOURTH CAUSE OF ACTION
## TEMERITY

38)    Plaintiff reiterates and re-alleges all factual allegations contained in paragraphs 1 through 37 with the same force and effect as if fully alleged herein.

39)    The Defendants, despite Carana's good faith attempts to resolve their breach of the agreements, have intentionally refused to deal in good faith to resolve the issues raised in this action.

40)    Defendants by their actions have engaged in temerity and obstinacy, despite the fact that they are aware that they have no defense in this case and should have paid according to the terms of the contract.

41)    Consequently, plaintiff is entitled to an award of costs, disbursements and attorneys' fees in this case.


WHEREFORE, plaintiff respectfully requests that this Honorable Court enters judgment against all defendants in an amount of at least $500,000, plus

10

legal interest from the date of the breach of the agreements; and that the Defendant be ordered to pay all costs, expert fees and attorneys fees of the plaintiff Carana in pursuing this action as a result of the Defendants' temerity.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, this 20th day of December, 2007.

WILLIAM ESTRELLA LAW OFFICES, PSC
P.O. Box 9023596
San Juan, Puerto Rico 00902
Tel.: 787-977-5050
Fax.: 787-977-5090

KENNETH C. SURIA
USDC-PR BAR NO. 213302
Email: kcsuria@welo.net

PEDRO A. BARCELÓ
USDC-PR BAR NO. 222103
Email: pbarcelo@welo.net

W:\WDOX\CLIENTS\CARANA\86020001\KC55487.DOC

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CARANA, INC., d/b/a CARMEN CHIRINO BOUTIQUE

## DEFENDANTS

JOVANI FASHIONS, LTD., ET AL

**(b)** County of Residence of First Listed Plaintiff  San Juan
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  NEW YORK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
WILLIAM ESTRELLA LAW OFFICES, PSC
150 TETUAN STREET, SAN JUAN, PR 00901
TEL: (787) 977-5050

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud / ☐ 690 Other | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Defendant illegally terminated distribution agreement and/or relationship without just cause, pursuant to 10 L.P.R.A.§278a et seq. and/or 10 L.P.R.A.§279a et seq

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE  December 20, 2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

AO 458 (Rev. 5/85) Appearance



# United States District Court *for the* District of Puerto Rico

## APPEARANCE

CASE NUMBER:

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for

CARANA, INC., d/b/a CARMEN CHIRINO BOUTIQUE

December 2*6* , 2007
DATE

SIGNATURE

Kenneth C. Suria, Esq.
PRINT NAME

William Estrella Law Offices,PSC
P.O. Box 9023596
ADDRESS

San Juan, Puerto Rico 00902-3596
CITY                STATE     ZIP CODE

(787) 977-5050
PHONE NUMBER



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1.   Title of Case (Name of first party on each side only)

   CARANA, INC., d/b/a CARMEN CHIRINO BOUTIQUE V. JOVANI FASHIONS,LTD.

2.   Category in which case belongs: (See Local Rules)

   _____ X _____   ORDINARY CIVIL CASE
   _____   SOCIAL SECURITY
   _____   BANK CASE
   _____   INJUNCTION

3.   Title and number, if any, of related cases (See Local Rules)

   _____

   _____

4.   Has a prior action between the same parties and based on the same claim ever been filed in this Court?
   ☐ YES    ☒ NO

5.   Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?
   ☐ YES    ☒ NO

6.   Does this case question the constitutionality of a state statute (FRCP 24)?

   ☐ YES    ☒ NO

(Please Print)

USDC ATTORNEY'S ID NO.   213302

ATTORNEY'S NAME:   Kenneth C. Suria

MAILING ADDRESS:   P.O. Box 9023596

   San Juan, PR   ZIP CODE 00902-3596

TELEPHONE NO.   (787) 977-5050

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

CARANA, INC. d/b/a     *     CIVIL NO. 07-2230 (JAF)
CARMEN CHIRINO BOUTIQUE     *
    *
    PLAINTIFF     *     FOR:
    *
    v.     *     LAW 75, LAW 21,
    *     ARTICLE 1802 OF THE
JOVANI FASHIONS, LTD., et.al.     *     CIVIL CODE
    *
    DEFENDANTS     *
    *

## ANSWER TO COMPLAINT

**TO THE HONORABLE COURT:**

**NOW COME** Defendants, through their undersigned counsel, and respectfully set forth and pray:

1. Defendants acknowledge that, upon information and belief, CARANA, Inc., d/b/a CARMEN CHIRINO BOUTIQUE (hereinafter referred to as "CARANA") is a corporation organized under the laws of the Commonwealth of Puerto Rico, with principal place of business in San Juan, Puerto Rico. The rest of the Paragraph is denied for lack of information.

2. Paragraph 2 is admitted as to co-defendant Jovani Fashions, Ltd.'s identity and place of business. The rest of the Paragraph is denied as drafted.

3. Paragraph 3 is admitted as to the identity, residence and position of co-defendant Abraham Mislavi's within Jovani Fashions, Ltd. The rest of the paragraph is a conclusion or

1

matter of law, reason for which it does not require a response. In the alternative, it is denied.

4.   Paragraph 4 is denied for lack of information.

5.   Paragraph 5 is a conclusion or matter of law, reason for which it does not require a response.   In the alternative, it is denied.

6.   Paragraph 6 is a conclusion or matter of law, reason for which it does not require a response.   In the alternative, it is denied.

7.   Paragraph 7 is a conclusion or matter of law, reason for which it does not require a response.   In the alternative, it is denied.

8.   Paragraph 8 is denied as drafted.   Defendants acknowledge to have agreed to sell Jovani products to Plaintiff from its offices in New York at the exclusion of other buyers from Puerto Rico.

9.   Paragraph 9 is denied for lack of information.

10.  Paragraph 10 is denied for lack of information.

11.  Paragraph 11 is denied.

12.  Paragraph 12 is denied for lack of information.

13.  Paragraph 13 is a conclusion or matter of law, reason for which it does not require a response.   In the alternative, it is denied.

14.  Paragraph 14 is denied.

15.  Paragraph 15 is denied.

2

16. Regarding Paragraph 16, Defendants acknowledge to have issued a letter establishing a sales relationship with Plaintiffs at the exclusion of other buyers from Puerto Rico.

17. Paragraph 17 is denied for lack of information as to the date Plaintiff became aware of the sale of Jovani products by other stores. Upon information and belief, it is accepted as to the fact that Carana requested the Images store to cease and desist from selling Jovani products. It is also accepted that Jovani Fashions, Ltd., through its counsel, indicated that the sales agreement had been terminated in May 2007. Plaintiff's description of the agreement as a distribution agreement is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is accepted as to the fact that Plaintiffs were offered to continue selling Jovani products on a non-exclusive basis after termination of the sales agreement. The rest of the paragraph is denied.

20. Paragraph 20 is denied for lack of information.

21. Paragraph 21 is denied.

22. Paragraph 22 does not require a response.

23. Paragraph 23 is a conclusion or matter of law, reason for which it does require a response. In the alternative, it is denied.

24. Paragraph 24 is denied for lack of information.

25. Paragraph 25 is denied because it is based on the premise that the relationship between Plaintiff and co-defendant Jovani Fashions, Inc. was one of dealership. In the alternative, the Paragraph is expressly denied.

26. Paragraph 26 is denied.

27. Paragraph 27 does not require a response.

28. Paragraph 28 is denied because it is a conclusion or matter of law, reason for which it does not require a response. In the alternative, it is denied.

29. Paragraph 29 is denied for lack of information.

30. As to Paragraph 30, Defendants acknowledge that they have been in conversations with other retail stores in order to sell them Jovani products after termination of the sales agreement. The rest of the Paragraph is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 does not require a response.

34. Paragraph 34 is denied.

35. As to Paragraph 35, Defendants acknowledge that co-defendant Abraham Maslavi had conversations with Plaintiff regarding the sales agreement. The rest of the Paragraph is denied.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. Paragraph 38 does not require a response.

4

39.   Paragraph 39 is denied.

40.   Paragraph 40 is denied.

41.   Paragraph 41 is denied.


## AFFIRMATIVE DEFENSES

1.   The allegations in the Complaint fail to state a claim upon which relief can be granted in favor of Plaintiff and against the appearing co-defendants, under any federal or state law.

2.   The causes of action raised by Plaintiff against Defendants are not supported by the allegations of the Complaint. Thus, the claims raised by the Plaintiff should be dismissed.  Plaintiff lack of justiciable cause of action under the applicable State and Federal legislation.

3.   Plaintiff filed the present action in an inconvenient venue.

4.   The present action should be transferred to the United States District Court for the Southern District of New York.

5.   Plaintiff is not a "dealer" under the provisions of Law No. 75, dated june 24, 1964, as amended.

6.   Plaintiff is not a "sales representative" under the provisions of Law No. 21, dated December 5, 1990, as amended.

5

7. In the alternative that the Honorable Court may find that Plaintiff qualifies as a "dealer" or "sales representative" under the provisions of either Law No. 75 or Law No. 21, the agreement between the parties was not a "dealership agreement" or a "sales representation agreement".

8. In the alternative that this Honorable Court may find that the agreement between Plaintiff and co-defendant Jovani Fashions, Inc. is a "dealership agreement" or "sales representation agreement", termination of the contract was effected with just cause.

9. Plaintiff has failed to mitigate damages.

10. A complaint was filed by co-defendant Jovani Fashions, Inc. in New York State Court against Plaintiff which arose from the same events that gave rise to the present action.

11. Plaintiff alleged damages are grossly exaggerated.

12. Any and all damages allegedly suffered by Plaintiff were caused by her own acts and/or omissions and not by Defendants actions and/or omissions.

13. The remedies requested by the Plaintiff are exaggerated, speculative, unsupported by the allegations, and do not proceed as a matter of law.

14. Plaintiffs' claims are frivolous and without merit. Thus, Defendants should be awarded attorneys' fees.

15. At all times pertinent to this Complaint, Defendants acted according to the law and applicable regulations.

16. Assuming Plaintiff has suffered any damages; the same do not result from any act or omission by any of the Co-defendants.

17. Plaintiff is estopped by her own acts from claiming damages against Defendants.

18. Plaintiffs have no right to recover any additional remedies and/or attorney's fees.

19. Co-Defendants reserves its right to raise additional affirmative defenses in this case as may be required by the facts emerged in the pending discovery and/or investigation.

20. Plaintiff's Complaint fails to meet the jurisdictional requirements provided under 28 U.S.C. §1332(a) because, even if the Court finds for Plaintiff, the amount in damages in this case would not exceed $75,000.

**WHEREFORE**, Defendants respectfully requests that this Honorable Court dismisses, with prejudice, the above captioned Complaint in its entirety and awarded costs, expenses, attorneys' fees and such other further relief as the Court deems just and appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 4th day of April 2008.

> **MARTINEZ-ALVAREZ, MENENDEZ**
> **CORTADA & LEFRANC ROMERO, P.S.C.**
>
> **/S/ ROBERTO E. LEFRANC MORALES**
> **USDC-PR NO. 210802**
> rlefranc@martilaw.com
>
> **/S/ ANA B. CASTRO ÁLVAREZ**
> **USDC-PR NO. 222512**
> acastro@martilaw.com
>
> Attorneys for Plaintiffs
> Edif. Centro de Seguros, Suite 407
> Ave. Ponce de León 701
> Santurce, Puerto Rico 00907-3286
> Tel. (787) 721-1140 ext. 234
> Fax (787) 721-7866

G:\LITIGIO\Jose Serrano\Jovani Fashions\Answer to Complaint.doc